TOWN OF EAST HAVEN *v.* AFSCME, COUNCIL 15, LOCAL 1662
(13659)

PETERS, C. J., HEALEY, SHEA, GLASS AND HULL, Js.

Argued May 10—decision released August 1, 1989

*Christopher M. Hodgson,* for the appellant (plaintiff).

*Susan King Shaw,* with whom, on the brief, was *H. James Haselkamp, Jr.,* for the appellee (defendant).

ARTHUR H. HEALEY, J. This is an appeal by the plaintiff, the town of East Haven, from the judgment of a state trial referee denying its application to vacate an arbitration award, brought pursuant to General Statutes § 52-418 (a).[1] We find no error.

The board of mediation and arbitration found the following facts. Lisa Scaramella was hired by the East Haven police department and sent to the Municipal Police Training Council for training at the Connecticut Police Academy (academy). During her training at the academy she encountered problems with her coordinator, John J. Doran, and by the end of the training session she had failed to pass enough courses to be certified. Subsequently, Scaramella was discharged as a patrol officer by the board of police commissioners for her "bad attitude." As a member of the East Haven Police Union, Local 1662 (union), and pursuant to the collective bargaining agreement entered into between

---

[1] General Statutes § 52-418 provides: "VACATING AWARD. (a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

the town of East Haven and the union, Scaramella filed a grievance with the union alleging, inter alia, that her dismissal was based on sex discrimination. The union submitted the grievance to the Connecticut board of mediation and arbitration (board).

The submission agreed upon by the parties was as follows: "Was Officer Scaramella disciplined for just cause proven beyond a reasonable doubt? If not, what is the remedy? This submission limits the authority of the arbitrators to decide these issues on a contractual basis and the grievant or the union [is] not precluded from further action under state and federal laws."[2] The board found Scaramella's discharge "was based in significant respects on sex-based discrimination" and that her coordinator at the academy, Doran, had demonstrated an apparent dislike toward her, thereby precluding any beneficial work relationship. The arbitration award stated: "The grievant was not discharged for just cause. She is ordered reinstated with no loss of pay or seniority. She shall be a probationary employee for six months and shall be required to complete her training at the Academy within that period. She shall be allowed to return to the Academy and someone other than Mr. Doran shall be the coordinator of her course."

The plaintiff applied to the Superior Court pursuant to General Statutes § 52-418 (a) (4) to vacate the award. From the state trial referee's denial of the application to vacate the award, the plaintiff appealed to the Appellate Court. We transferred the appeal to ourselves, pursuant to Practice Book § 4023.

The plaintiff contends that the trial referee erred in failing to vacate the award pursuant to § 52-418 (a) (4)

---

[2] The submission also requested the arbitrators to decide two issues involving the procedural aspects of the hearing with the board of police commissioners. The arbitrators, however, did not find it necessary to decide these issues because they disposed of the case on the just cause issue.

because the arbitrators exceeded their authority in awarding a remedy beyond the contractual terms of the collective bargaining agreement and in ordering the academy, a nonparty to the proceeding, to perform an act necessary to enforce the award. The plaintiff maintains, therefore, that the award is not mutual, final and definite. Specifically, the plaintiff argues that the arbitrators had no authority to send Scaramella back to the academy and to order someone other than Doran to act as her coordinator.

This court has consistently favored arbitration as an alternative method for resolving disputes because it avoids the " ' "formalities, delay, expense and vexation of ordinary litigation." . . . ' " *Hartford* v. *Board of Mediation & Arbitration,* 211 Conn 7, 14, 557 A.2d 1236 (1989), quoting *O & G/O'Connell Joint Venture* v. *Chase Family Partnership No. 3,* 203 Conn. 133, 145, 523 A.2d 1271 (1987); *Waterbury Teachers Assn.* v. *Waterbury,* 164 Conn. 426, 434, 324 A.2d 267 (1973). "[A]rbitration is a creature of contract and the parties delineate the power of the arbitrator by the terms of the submission and their agreement." *Bruno* v. *Department of Consumer Protection,* 190 Conn. 14, 18, 458 A.2d 685 (1983); *Carroll* v. *Aetna Casualty & Surety Co.,* 189 Conn. 16, 20, 453 A.2d 1158 (1983). Therefore, judicial review of an arbitrator's award is limited in scope. The determination of whether an arbitration board has exceeded its authority in violation of § 52-418 (a) (4) is limited to a comparison of the award with the submission. *Hartford* v. *Board of Mediation & Arbitration,* supra, 14; *New Haven* v. *AFSCME, Council 15, Local 530,* 208 Conn. 411, 415–16, 544 A.2d 186 (1988). *O & G/O'Connell Joint Venture* v. *Chase Family Limited Partnership No. 3,* supra, 153.

In this case, the submission requested the arbitrators to decide whether Scaramella's dismissal for just cause was proven beyond a reasonable doubt and, if not, to determine the remedy. The arbitrators found that Scaramella had not been dismissed for just cause and ordered that she be reinstated with no loss of pay or seniority. The plaintiff does not dispute the arbitrators' finding of lack of just cause but does dispute the remedy portion of the award.

First, the plaintiff argues that the arbitrators exceeded their authority in ordering Scaramella back to the academy because the collective bargaining agreement does not contain a provision for reinstatement in the academy. We disagree. The collective bargaining agreement states in article IV, § 3: "Any employee who has been . . . discharged and who is subsequently exonerated, shall be reinstated without prejudice or loss of seniority and compensated for any loss of wages." It is reasonable to assume, in the absence of limiting language, that this general provision in the agreement applies to all members of the East Haven police union. If the union member is a probationary employee, as Scaramella was, and is enrolled in the academy, then "reinstatement without prejudice" may include reinstatement in the academy within the discretion of the arbitrators. The only restriction in the submission was that the arbitrators' decision was to be based on the collective bargaining agreement, which would include article IV, § 3. The parties freely bargained for the use of arbitration to resolve this type of dispute and having done so are bound by the decision rendered. *Milford Employees Assn.* v. *Milford,* 179 Conn. 678, 684, 427 A.2d 859 (1980); *Board of Education* v. *Waterbury Teachers Assn.,* 168 Conn. 54, 62, 357 A.2d 466 (1975). Therefore, the arbitrators did not exceed their authority in interpreting the contract to allow Scaramella's return to the academy and to order someone other than Doran to act as her coordinator.

The plaintiff next argues that the literal interpretation of the award is an order to the academy, rather than the town, to accept Scaramella as a probationary employee and to have someone other than Doran as her coordinator. Because the academy was not a party to the arbitration proceeding, the plaintiff maintains that the award is void. In the present case, the arbitrators' authority was defined by the submission and the collective bargaining agreement entered into between the plaintiff and the defendant union. The academy was neither a party to the agreement nor a party to the arbitration proceedings. Just as a court cannot render a judgment enforceable against a nonparty; *Graham* v. *Zimmerman,* 181 Conn. 367, 373–74, 435 A.2d 996 (1980); arbitrators are similarly limited in authority. *Dillon* v. *American Brass Co.,* 135 Conn. 10, 15, 60 A.2d 661 (1948). Therefore, under the collective bargaining agreement and the submission, and our well settled rules governing the jurisdiction of arbitrators, their authority was limited to rendering a remedy that was enforceable only against the town.[3]

"Every reasonable presumption and intendment will be made in favor of the award and of the arbitrator's acts and proceedings. Hence, the burden rests on the party challenging the award to produce evidence sufficient to show that it does not conform to the submission." *Bic Pen Corporation* v. *Local No. 134,* 183 Conn. 579, 585, 440 A.2d 774 (1981); *Milford Employees Assn.* v. *Milford,* supra, 683; *Ramos Iron Works, Inc.* v. *Franklin Construction Co.,* 174 Conn. 583, 590, 392 A.2d 461 (1978). There are two possible interpretations of the award. One, suggested by the plaintiff, is that the award is an order to the academy to reinstate

---

[3] Although the union urges the court to construe the award as a mandatory order to the town that would require the academy to accept Scaramella, for the reasons discussed above, this construction of the award would be beyond the arbitrators' jurisdictional scope and thus void.

Scaramella and to have someone other than Doran to act as her coordinator. This interpretation, however, is contrary to the basic principles of law governing the arbitrators' jurisdiction as stated above. A second interpretation of the award is that it is an order to the town to make reasonable efforts to seek the reinstatement of Scaramella in the academy and to seek to arrange for a different coordinator. This interpretation comports with the submission, collective bargaining agreement and the limits on the arbitrators' jurisdiction. Where there are two reasonably possible interpretations of an arbitrator's award, one upholding and the other invalidating the award, the presumption of the validity of an award requires this court to adopt the one that supports its validity. See *Bic Pen Corporation* v. *Local No. 134,* supra. A court should liberally construe an award whenever possible to uphold its validity. *Gary Excavating Co.* v. *North Haven,* 160 Conn. 411, 413, 279 A.2d 543 (1971). We construe the award, therefore, as an order to the town to make reasonable efforts to reinstate Scaramella in the academy and to have someone other than Doran to act as her coordinator.[4]

Under this interpretation of the award, the arbitrators did not exceed their powers but acted within their authority as defined by the submission and by the agreement. Therefore, as between the town and the union, the award is mutual, final and definite.

There is no error.

In this opinion the other justices concurred.

---

[4] Further, the plaintiff asserts that if the award is construed to be an order against the academy, there may exist a violation of the separation of powers principle found in article second of and amendment eighteen to the Connecticut constitution. We need not address this issue because we have already concluded that the award is an order to the town and not to the academy.