[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, John D. Prete and Northeast Properties, Inc. ("Prete") have moved to vacate or correct an arbitration award entered on May 13, 1991 by a panel of arbitrators pursuant to an agreement by the plaintiff to submit to arbitration any disputes with the defendant Sackett Point Seniors Homes, a partnership ("partnership").
The defendant has have moved to confirm the arbitration award. The agreement to arbitrate was a provision of a document titled Agreement for Sale of Partnership Interest by which Prete agreed to terminate his partnership interest and assign certain property known as "the Bernhard Property" to the partnership in return for an immediate payment of $75,000 plus a note for an additional $75,000 to be payable at the date of the earliest occurrence of one of the following three events:
The defendant has have moved to confirm the arbitration award.
The agreement to arbitrate was a provision of a document CT Page 6993 titled Agreement for sale of Partnership Interest by which Prete agreed to terminate his partnership interest and assign certain property known as "the Bernhard Property" to the partnership in return for an immediate payment of $75,000 plus a note for an additional $75,000 to be payable at the date of the earliest occurrence of one of the following three events:
 a) receipt of site plan approval and other approvals necessary for the construction of elderly housing on the site;
 b) sale of the property by the partnership if before February 28, 1990 and for at least $1.75 million;
 c) failure of the partnership to make application to obtain site plan and other approvals on or before February 28, 1990.
The agreement further provided that the promissory note was to be null and void if the partnership were denied construction approval upon a good faith application before February 28, 1990 or if the partnership sold the property for less than $1.75 million. Prete agreed that neither he nor any entity controlled by him would take any action to impede issuance of site plan and other approvals or to impair the value of the property.
The partnership filed a demand for arbitration with the American Arbitration Association, the arbitrator designated in the agreement, claiming that Prete and Northeast Properties, Inc. had taken steps which impaired the value of the Bernhard property. On the submission form, the partnership identified the "Claim or Relief Sought" as follows:
 1. An order prohibiting respondents from pursuing any application with the Town of North Haven for the erection of elderly housing on said property.
 2. An order requiring respondent Northeast Properties, Inc. to assign to claimant an option held by respondent Northeast Properties on certain property at #77 Sackett Point Road, North Haven.
3. Money damages in the amount of $525,000.00.
 4. An order requiring respondent John Prete to return to movant the sum of $75,000.00.
5. Punitive damages and attorney's fees.
Prete and Northeast Properties, Inc. filed a counterclaim CT Page 6994 seeking acceleration of the payment of $75,000 due under the promissory note[1] and compensation for the costs of defending lawsuits filed in the Superior Court in derogation of the agreement to resolve all disputes arising under the agreement by arbitration. The arbitration proceeded on various dates in 1989, and in briefs submitted on July 12, 1990 and April 17, 1991, Prete pointed out that the due date for payment on the $75,000.00 note, February 28, 1990, had passed, and requested the arbitrators to order payment.
The arbitration panel found in favor of Prete on the partnership's claims. It found in favor of the partnership on Prete's counterclaim, and it declared its award to be "in full and final settlement of any and all claims submitted to this Arbitration."
The partnership takes the position that in holding in favor of the partnership on Prete's counterclaim, the panel ruled that Prete could never recover the $75,000 specified in the promissory note. Prete's motion to vacate is based on the contention that since the arbitrators found in his favor as to the partnership's claim, and by implication rejected the claim that he had impaired the value of the property, it would be logically inconsistent for the arbitrators to have declared the promissory note null and void, and that such an inconsistency renders the arbitration award infirm because, pursuant to 52-418(a)(4) C.G.S., the arbitrators have "so imperfectly executed [their powers] that a mutual, final and definite award upon the subject matter submitted was not made."
The partnership points out that in addition to the original submission and counterclaim described above, in the course of the protracted arbitration proceedings February 28, 1990 came and went, and Prete made a further demand to the arbitrators to award him the $75,000 specified in the promissory note immediately, since his prior request for acceleration had become moot. (Ex. Record C, p. 10; Ex. Record E, p. 16).
The partnership reasons that upon what they characterize as the revised submission, the arbitrators' award can logically be read as rejecting Prete's claim for payment because he had impaired the value of the property but holding in Prete's favor on the partnership's claims which constituted the prayers for relief listed at pages two and three above. That list did not include a request that the arbitrators declare the promissory note was null and void but only other relief, and the partnership argues that the arbitrators could logically have been denying the listed requested relief but denying Prete the $75,000 specified in the promissory note. In effect, the partnership contends that the arbitrators upheld the claim that Prete had impaired the value to conveyed property in violation of the agreement but denied the further relief sought in the demand for arbitration. CT Page 6995 Discussion
Connecticut courts have long favored arbitration as an alternative method of resolving disputes because it avoids the "formalities, delay, expense and vexation of ordinary litigation." East Haven v. AFSCME, Council 15, Local 1662, 212 Conn. 368, 371
(1989); Hartford v. Board of Mediation and Arbitration, 211 Conn. 7,14 (1989); O G/O'Connell Joint Venture v. Chase Family Partnership, No. 3, 203 Conn. 133, 145 (1987); Waterbury Teacher's Assn. v. Waterbury, 164 Conn. 426, 434 (1973).
Every reasonable presumption and intendment will be made in favor of an award and of the arbitrator's actions and proceedings. East Haven v. AFSCME, supra, at 373-74. Where there are two reasonably possible interpretations of an arbitration award, one that would uphold and one that would invalidate the award, the presumption of the validity of the award has been held to require the reviewing court to adopt the interpretation that supports a finding of validity. Board of Education v. Waterbury Teacher's Association, 216 Conn. 612, 618 (1990); East Haven v. AFSCME, supra at 374.
The partnership has demonstrated that Prete submitted for arbitration not only the issue of acceleration of payment of the note, but also, after February 8, 1990 had passed, the issue of immediate payment. The partnership has identified a plausible interpretation of the ruling denying the claims of both sides in the dispute.
Accordingly, the motion to vacate or correct the award is denied.
The motion to confirm the award is granted.
Beverly J. Hodgson Judge of the Superior Court