[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ISSUE AND SUBMISSION
Should the court vacate an arbitration board's decision that the plaintiff is not covered by an insurance policy held by the plaintiff's father?
The arbitration board made a reasonable and appropriate award based on the submission and the court has CT Page 10653 no basis for overturning the arbitration board's decision.
CASE SUMMARY
On June 26, 1992, the plaintiff Robert Plemmons was injured in an automobile accident. The party responsible for the accident was an underinsured motorist. The plaintiff made a claim on an insurance policy issued by the defendant, State Farm, to the plaintiff's father, Gerald Plemmons. The underinsured motorist clause in the insurance policy provides:
 We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle.
An "insured" is defined as: (1) the first person named in the declarations; (2) his or her spouse; (3) their relatives. "Relative" is defined in another part of the policy as "a person related to you or your spouse by blood, marriage, or adoption who lives with you. It includes your unemancipated and unmarried child away at school."
The plaintiff alleges that he is the natural son of the policy owner, Gerald Plemmons, and he lives with the policy owner. Pursuant to the terms of the insurance policy, the plaintiff and defendant submitted to arbitration the question of whether the plaintiff was "living with" the insured so as to be covered by the policy. Also pursuant to the terms of the policy, Ohio law governs the interpretation of the contract.
The arbitration board heard evidence showing that:
 (1) the plaintiff carried an Ohio operator's license;
 (2) maintained his legal address as his parents' address in Ohio;
(3) paid Ohio taxes;
 (4) maintained a room in his parents' house which was designated as his room; CT Page 10654
(5) received mail at his parents' house;
 (6) returned to his parents' house approximately two times a year for short stays and planned to return to Ohio and purchase his parents' house when they were ready to vacate the house.
Further, the arbitration panel made the following findings of fact:
 (1) The evidence does not disclose that the claimant lived with the said Gerald Plemmons on the date of the accident, as the plaintiff has not lived with his parents since he enlisted in the Navy in 1980.
 (2) The evidence also discloses that during the claimant's Navy tour of duty from April 1980, through the time of the accident which is the subject of this claim, he resided first in Charleston, South Carolina for five years and then at the sub base in New London, Connecticut, until just prior to the subject accident at which time he was awaiting his next duty assignment which was to be in Iceland.
 (3) The evidence also discloses that the claimant was not dependent on his parents for financial support in any manner and has been virtually on his own since he enlisted in the Navy in 1980 at the age of eighteen years.
(Motion to Vacate, Exhibit B, "Arbitration Decision," p. 3.)
On August 17, 1992, the arbitrators made a written award in favor of the defendant, State Farm.
On September 14, 1992, the plaintiff filed a motion to vacate the arbitration award pursuant to General Statutes CT Page 10655 Section 52-418. The plaintiff argues that the arbitrators exceeded their powers and/or so imperfectly executed them and that the award was arbitrary and contrary to the law. The defendant filed a memorandum of law in opposition to the motion to vacate. The defendant argues that the arbitrators' decision was reasonable and supported by case law and should not be vacated.
DISCUSSION
A. Standard of review.
"[J]udicial review of an arbitrator's award is limited in scope. The determination of whether an arbitration board has exceeded its authority in violation of [General Statutes] 52-418(a) (4) is limited to a comparison of the award with the submission." East Haven v. AFSCME, Council 15, Local 1662, 212 Conn. 368, 371, 561 A.2d 1388
(1989). The court may not review the award for errors of law or fact. Hartford v. IAFF, Local 760, AFL-CIO, CLC, 24 Conn. App. 254,256, 587 A.2d 435 (1991). Further, the trial court may not substitute its interpretation of a contract for that of the arbitrator. Board of Education v. Hartford Federation of Teachers, Local 1018, 24 Conn. App. 757, 587, A.2d 435 (1991).
 There are only two very narrow exceptions to the rule that a court may not substitute its own conclusions for the findings of the arbitrators. These exceptions occur when the arbitrators rule on the constitutionality of a statute or order a party to engage in conduct in clear violation of public policy.
Hartford v. IAFF, Local 760, AFL-CIO, CLC, supra, 256, n. 1 B. Construction of the insurance contract.
The parties submitted to the arbitration board the question of whether the plaintiff was "living with" the policy holder so as to be covered by the policy. Although the Ohio courts have not dealt with the specific issue of how "living with" is to be interpreted in an insurance policy, several other jurisdictions have. In Stoner v. State Farm CT Page 10656 Mutual Automobile Insurance Company, 780 F.2d 1414 (8th Cir. 1986), the court was required to interpret whether, under the same insurance policy before the court in the instant case, the plaintiff/claimant was living with the insured. The court held that "if the phrase `lives with you' were intended to mean legal residence, the statement that `it includes your unmarried and unemancipated child away at school' was added unnecessarily. [T]he phrase `lives with you' is susceptible of only one interpretation, i.e. actually living in fact. . . ." Further, in Coley v. State Farm Mutual Automobile Insurance Co., 534 N.E.2d 220 (Ill.App. 3 Dist. 1989), the court was also required to interpret the phrase "living with" as found in a similar State Farm policy. The court held that:
 The question here is not one of legal residence or domicile but rather one of construction and this court will interpret the contract's language in the ordinary plain meaning, not in a technical legal sense. Considering the decedent was a young, emancipated man serving in the armed forces where he could have only an occasional, transitory presence in [the policyholder's] home, he did not live with [the policyholder] for the purposes of this insurance policy.
Coley, supra, 223.
The arbitration board made a similar finding in the instant case. "To find that `lives with you' is ambiguous or that the term should be equated with `resident of the same household' would require a strained and strictly technical interpretation of otherwise plain contract language." (Motion to Vacate, Exhibit B, "Arbitration Decision", p. 5). The arbitration board found that for coverage under the policy, the plain meaning of the terms "lives with you" required a more definite presence of the plaintiff in the policyholder's house than the facts of the instant case indicated. (Motion to Vacate, Exhibit B, "Arbitration Decision", p. 6). Therefore, the plaintiff was denied coverage.
The court finds that the arbitration board made a reasonable and appropriate award based on the submission. CT Page 10657 The award has support in case law examining the same issue of interpretation. Finally, the court has no basis for overturning the arbitration board's decision.
The motion to vacate is hereby denied.
Hurley, J.