[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Fairfield Pool and Equipment Company has applied to this court pursuant to General Statutes 52-481 for an order vacating the finding made by a panel of appraisers who ascertained the loss under a fire insurance policy issued by Transcontinental Insurance Company. The insurance company has applied under General Statutes 52-417 for an order confirming the finding. For the reasons stated below, this court enters a decree under General Statutes 52-521(b) that the amount of the fire loss is as found by appraiser David Beaver and umpire James O'Connor.
The circumstances of -this dispute are as follows Pool suffered fire damage to its business premises 1991. It was insured against fire loss under a policy Transcontinental. The policy contains an arbitration required by General Statutes 38a-307 and 38a-308, forth a procedure to be followed in case the parties agree as to the amount of a loss. Pursuant to the Fairfield Pool appointed Joseph McCabe as its Transcontinental appointed David Beaver as its appraiser two appraisers selected James O'Connor to serve as Fairfield Pool and Transcontinental submitted four issues to the panel. The panel issued findings on the first three valuation issues, all members of were in agreement. On the fourth issue, which related to loss caused by reason of the interruption of the claimant's the appraiser selected by the insurance company and agreed the loss was $148,564.00. The appraiser selected by the insured did not assent to this finding since he believed the loss was greater. Fairfield Pool now contests the first amount of the business-interruption loss. CT Page 20
The question whether a decision as to the amount loss made by appraisers acting pursuant to an appraisal in a fire policy should be set aside may be determined by insured's action of contract upon the policy or in equity. 44 Am.Jur.2d Insurance 1693, p. 683. The cases of Giuletti v. Connecticut Ins. Placement Facility, 205 (1987), and Hall v. Norwalk Fire Ins. Co., 57 Conn. 105 (1889), are examples of actions on a policy wherein appraisal clauses have been discussed. The case of Covenant Ins. Co. v. Banks,177 Conn. 273 (1979), is an example of an action in equity brought to invalidate an appraisal. Fairfield Pool and Transcontinental have brought their applications under General statutes 52-417 et seq. The parties agree the appraisal may be either vacated or confirmed under these statutes. See Covenant Ins. Co. v. Banks, supra at 279.
Appraisal clauses in fire insurance policies provide a reasonable and summary method of ascertaining the amount of loss. These provisions have long been used in fire insurance policies; see Hall v. Norwalk Fire Ins. Co., supra. Statutes mandating their use are constitutionally permissible. Hardware Dealers Mutual Fire Insurance Company v. Glidden Co., 284 U.S. 151,76 L.Ed 214, 52 S.Ct. 69 (1931). The only task the appraisers perform is to determine the amount of loss under the policy. Other questions are reserved for trial. If the provision for determining the loss is followed and the insurance company does not pay, the insured may maintain a separate action based on such failure. Appalachian Insurance Co. v. Rivcom Corp., 130 Cal.App.3d 818, 182 Cal.Rptr. 11 (1982, 2d Dist.). The appraisers' determination of the loss will not preclude the determination of issues of liability at a trial but should greatly shorten the duration of the trial. Giuletti v. Connecticut Ins. Placement Facility, supra at 432. Since the appraisers only determine the amount of loss, this court may not enter a money judgment on the award without the parties consent. 14 Couch on Insurance 2d 50:07. This court may only enter an equitable decree under General Statutes 52-521(b) either confirming or vacating the appraisers' finding.
Fairfield Pool claims the appraisal of the business-interruption loss should be set aside because (1) there was evident partiality on the part of Mr. Beaver and (2) the panel improperly executed its powers. See Gen. Stats.52-418(2) and (4). These claims arose because Mr. McCabe CT Page 21 disagreed with Mr. Beaver as to the amount of the sales loss. Because Mr. McCabe believed that Mr. Beaver failed to take into account certain factors which Mr. McCabe considered, Mr. McCabe complained to the umpire that Mr. Beaver lacked impartiality.
Fairfield Pool's contention that Mr. Beaver acted with partiality is directed at the merits of the decision. It claims that his computation was without a factual basis and could only have resulted from partiality. The burden of proving bias or evident partiality under General Statutes 52-418(a)(2) rests on the party making such a claim. Vincent Builders, Inc. v. American Application System, Inc., 16 Conn. App. 486, 494-95
(1988). The appraisers and the umpire related to this court how they arrived at their decisions. Mr. Beaver and Mr. O'Connor gave a rational explanation and demonstrated that they acted in good faith and conscientiously. Fairfield Pool has failed to sustain its burden on this issue.
Fairfield Pool's contention that the panel improperly executed its powers is also directed at the merits of the decision. "[J]udicial review of an arbitrator's award is limited in scope. The determination of whether an arbitration board has exceeded its authority in violation of 52-418(a)(4) is limited to a comparison of the award with the submission." East Haven v. AFSCME, Council 15, Local 1662, 212 Conn. 368,371 (1989). Here, the award conforms to the submission. Fairfield Pool, however, contends this court should inquire further into the appraisal proceedings and determine whether the disputed finding was based on substantial evidence.
Fairfield Pool claims the substantial evidence test is required because the arbitration clause was mandated to be in the policy by General Statutes 38a-307 and 38a-308. It argues that the appraisal process was compulsory arbitration and that this court is therefore required by Chmielewski v. Aetna Casualty Surety Co., 218 Conn. 646 (1991), to apply the substantial evidence test. Undaunted by the fact a record of the appraisal proceedings was not preserved, Fairfield Pool elicited testimony before this court from the two appraisers and the umpire as to how they arrived at their findings. The testimony shows that Mr. Beaver and Mr. O'Connor acted in good faith and rationally.
Long ago, our Supreme Court set forth the standard of review which is to apply to these cases. "If arbitrators have CT Page 22 acted in good faith neither party will be permitted to avoid the award by showing that they erred in judgment, either respecting the facts, or respecting the law where the submission does not require them to follow the law. . . . [Q]uestions which refer to the methods of an arbitrator in reaching his conclusions . . . are not proper subjects of the inquiry." Hall v. Norwalk Fire Ins. Co., supra at 117 and 118. Fairfield Pool attacks the methods of Mr. Beaver and Mr. O'Connor and claims they erred in judgment. These are not proper issues for this court to review.
Based on the foregoing, the court decrees that the business-interruption loss is $148,564.00.
THIM, JUDGE