[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO VACATE AWARD
In this action the State of Connecticut ("State") has moved to vacate an arbitration award issued in favor of New England Health Care Employees Union, District 1199 (the "Union") on June 7, 1996.
Facts
The State and the Union are parties to a written arbitration agreement contained in a collective bargaining agreement covering the period July 1, 1993 to June 30, 1997. A dispute arose between the parties concerning the State's alleged unilateral change in the workweek of approximately twenty employees in the Professional Health Care bargaining unit (the "P-1 unit") who work for the Department of Public Health. The parties submitted the dispute to binding arbitration.
The arbitration hearing took place on April 12, 1996 before arbitrator Michael C. Ryan. The parties agreed to the following unrestricted submission:
1. Is the grievance arbitrable?
2. Did the Department of Health Services violate the P-1 contract when it discontinued the 4 day workweek for employees in the Bureau of Community Health and the Office of Health Communications? If so, what shall the remedy be?
On June 7, 1996, the arbitrator issued a written decision and award which held:
1. The grievance is arbitrable.
2. The Department of Health Services violated the P-1 Contract when it discontinued the 4 day workweek for employees in the Bureau of Community Health and the Office or Health Communications.
The arbitrator directed the following remedy:
As a remedy I direct the Employer to rescind the change CT Page 2364 forthwith and to make the Grievants whole as follows: (1) Employees should be given paid time off equal to that spent in the extra round trip commute in the weeks in which they would have worked only four days from October 13, 1995, until rescinded. (2) Employees should be compensated for additional mileage at the standard rate for each extra round trip commute. I retain jurisdiction for 60 days over this remedial award for the sole purposes of resolving any dispute as to its implementation that cannot be resolved by the parties. Either party may invoke this jurisdiction for the purposes of the issuance of a final specific award.
The State's Motion to Vacate the arbitration award is based solely on the fact that the arbitrator retained jurisdiction for 60 days over the award to resolve disputes regarding implementation of the award. It is undisputed that neither party attempted to invoke the arbitrator's jurisdiction during the 60 day period following the issuance of the award.
Discussion of the Law and Ruling
The State claims that the arbitrator exceeded his powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made as set forth under Connecticut General Statutes § 52-418 (a)(4), which provides, in pertinent part:
 Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides . . . shall make an order vacating the award if it finds any of the following defects . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made.
The Connecticut Supreme Court "has consistently favored arbitration as an alternative method for resolving disputes because it avoids the `formalities, delay, expense and vexation of ordinary litigation.'. . . Hartford v. Board of Mediation Arbitration, 211 Conn. 7, 14, 557 A.2d 1236 (1989), quoting O G/O'Connell Joint Venture v. Chase Family Partnership No. 8,203 Conn. 133, 145, 523 A.2d 1271 (1987); Waterbury Teachers Assn. v.Waterbury, 164 Conn. 426, 434, 324 A.2d 267 (1973). `[A]rbitration is a creature of contract and the parties delineate the power of the arbitrator by the terms of the CT Page 2365 submission and their agreement.' Bruno v. Department of ConsumerProtection, 190 Conn. 14. 18, 458 A.2d 685 (1983); Carroll v.Aetna Casualty Surety Co., 189 Conn. 16, 20, 453 A.2d 1158
(1983). Therefore, judicial review of an arbitrator's award is limited in scope. The determination of whether an arbitration board has exceeded its authority in violation of 52-418(a)(4) is limited to a comparison of the award with the submission.Hartford v. Board of Mediation Arbitration, supra, 14, NewHaven v. AFSCME, Council 15, Local 530, 208 Conn. 411, 415-16544 A.2d 186 (1988). O G/O'Connell Joint Venture v. Chase FamilyLimited Partnership No. 3, supra, 153." East Haven v. AFSCME,Council 15, Local 1662, 212 Conn. 368, 372, 561 A.2d 1388 (1989).
The State's Motion to Vacate the arbitration award is solely based on the arbitrator's retention of jurisdiction for 60 days after he issued the award to resolve any disputes concerning the implementation of the remedy.
Since arbitration is the preferred method for resolving labor-management disputes, arbitration awards enjoy favored treatment and Connecticut Courts grant every reasonable presumption in favor of an award, imposing upon the party challenging the award the burden of producing evidence sufficient to show that the award does not, under any construction, conform to the parties' submission. East Haven v. AFSCME, Council 15,Local 1662, 212 Conn. 368, 561 A.2d 1388 (1989).
In the arbitration in this case, the parties' submission to the arbitrator did not contain any limited or conditional language restricting the arbitrator s power to construe the contract. By agreeing to the unrestricted submission, the parties authorized the arbitrator to exercise his sole judgment in resolving the dispute and fashioning a remedy. "A party cannot object to an award which accomplishes precisely what the arbitrators were authorized to do." Bridgeport v. ConnecticutPolice Dept., Employees Local 1159, 32 Conn. App. 289, 295,628 A.2d 1336 (1993). "If the submission does not contain limited or conditional language, then the submission is unrestricted. If the submission is unrestricted, the award is final and binding, and cannot be reviewed for factual or legal error." Bridgeport v.Connecticut Police Dept., Employees Local 1159, supra, at 293.
"The burden of demonstrating the nonconformity of the award to the submission is on the party seeking to vacate the award."Board of Education v. Hartford Federation of School Secretaries,
CT Page 236626 Conn. App. 351, 353-54, 600 A.2d 1053 (1992). The State has acknowledged that "the submission clearly required the arbitrator to determine whether the state violated the contract. and to decide what remedy should apply it a violation occurred." State's Brief In Support of Motion to Vacate, p. 7. The State quarrels neither with the it conclusions reached, nor the remedy imposed by the arbitrator in his thorough and well reasoned award. Instead, the State claims that the award does not "draw its essence" from the collective bargaining agreement and is not final, or definite because the arbitrator retained jurisdiction for 60 days.
In East Haven v. AFSCME, Council 15, Local 1662,212 Conn. 368, 561 A.2d 1388 (1989), East Haven appealed from the court's denial of its application to vacate an arbitration award. which determined that a probationary police officer had not been fired for just cause and included in the remedy a provision that the officer be permitted to complete training at the police academy. The plaintiff contended that the award was not mutual, final and definite because the arbitrators exceeded their authority in awarding a remedy beyond the contractual terms of the collective bargaining agreement and in ordering the police academy, not a party to the collective bargaining agreement, to perform an act necessary to enforce the award. As in this case, the plaintiff inEast Haven argued that the arbitrators exceeded their authority in ordering the officer back to the academy because the collective bargaining agreement did not contain a provision for reinstatement in the academy. The Court disagreed. It cited the cases set forth on page 3 hereof concerning the favored status of arbitration and then stated:
 The collective bargaining agreement states in article IV, 3: "Any employee who has been . . . discharged and who is subsequently exonerated, shall be reinstated without prejudice or loss of seniority and compensated for any loss of wages." It is reasonable to assume, in the absence of limiting language, that this general provision in the agreement applies to all members of the East Haven police union. If the union member is a probationary employee, as Scaramella was, and is enrolled in the academy, then "reinstatement without prejudice" may include reinstatement in the academy within the discretion of the arbitrators. The only restriction in the submission was that the arbitrators' decision was to be based on the collective bargaining agreement, which would include article IV, 3. The parties CT Page 2367 freely bargained for the use of arbitration to resolve this type of dispute and having done so are bound by the decision rendered. Milford Employees Assn. v. Milford, 179 Conn. 678, 684, 427 A.2d 859 (1980); Board of Education v. Waterbury Teachers Assn., 168 Conn. 54, 62, 357 A.2d 466 (1975). Theretore, the arbitrators did not exceed their authority in interpreting the contract to allow Scaramella's return to the academy and to order someone other than Doran to act as her coordinator.
The Court further stated:
 Where there are two reasonably possible interpretations of an arbitrator's award, one upholding and the other invalidating the award, the presumption of the validity of an award requires this court to adopt the one that supports it. validity. See Bic Pen Corporation v. Local No. 134, supra. A court should, liberally construe an award whenever possible to uphold its validity. Gary Excavating Co. v. North Haven, 160 Conn. 411, 413, 279 A.2d 543 (1971).
212 Conn. 368 at 372, 374.
The arbitrators in East Haven certainly exceeded the terms of the collective bargaining agreement to a greater degree than did the arbitrator here. Their award was directed to an entity that was not even a party to the collective bargaining agreement. Yet, the Court interpreted the award such that it was limited only to parties to the agreement. Here, the arbitrator never exercised jurisdiction during the 60 day period. Thus, there was nothing in the arbitration award which violated any provision of the collective bargaining agreement.
An arbitrator's use of boilerplate language generally retaining jurisdiction does not make an award nonfinal.International Assoc. of Bridge, Structural and Ornamental IronWorkers, Local 501 v. Burtman Iron Works, 152 LRRM 2870, 2873 (D. Mass, 1996), citing Dreis Krump Mfg. Co v. International Ass'nof Machinists and Aerospace Workers, 802 F.2d 247, 250 (7th Cir. 1986). The fact that an award requires prospective implementation does not make the relief awarded any less final of definite.Dighello v. Busconi, 673 F. Sup. 85, 91 (D. Conn. 1987).
An award is "final and definite" within the meaning of Connecticut General Statutes § 52-418 (a)(4) if it is CT Page 2368 "sufficiently clear and definite by its own terms;. . . ., if it conforms to the submission it meets this requirement." Wolf v.Gould, 10 Conn. App. 292, 301, 522 A.2d 1240 (1987). An award is final and definite even if it leaves questions unsettled as to the exact amount of damages the grievants should receive, or provide a detailed explanation as to how the grievants should be made "whole." State v. Connecticut Employees Union Independent,Inc., 33 Conn. App. 737, 742, 638 A.2d 619 (1994).
Courts have drawn an important distinction between awards that retain jurisdiction and direct the parties to follow specific instructions regarding implementation of the remedy and awards that retain jurisdiction but fail to provide any remedy and order the parties to fashion a remedy. In Local 206 v. R.K.Burner Sheet Metal, 859 F.2d 758 (9th Cir. 1988), the Court explained the foregoing distinction when it distinguished its holding in Millmen Local 550 v. Wells Exterior Trim,828 F.2d 1373 (9th Cir. 1987). Millmen vacated an award in which the arbitrator ruled only on whether the collective bargaining agreement was violated but declined to fashion any remedy, and sent the question of remedy back to the parties while retaining jurisdiction in case they were unable to reach an agreement. In contrast, the issue in Local 206 involved an arbitration award in which the arbitrator ordered the parties to sign a Standard Form Union Agreement, but retained jurisdiction in the event that a court found that the remedy improperly imposed terms on nonmandatory subjects of bargaining and the parties were unable to reach agreement on those terms. The Court held that that award was final and binding. The arbitrator's contingent retention of jurisdiction did not render the award indefinite.
The award in this case is a model of clarity and careful analysis. The arbitrator fashioned a remedy that was definite and conformed to the unrestricted submission. This Court's vacation of that award based on the arbitrator's contingent reservation of jurisdiction for 60 days would seriously contravene the policy favoring arbitration as a means of settling labor disputes and the law restricting court interference with arbitration awards. For the foregoing reasons, the Motion to Vacate Arbitration Award is denied.
Aurigemma, J. CT Page 2369