[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO VACATE AWARD
The plaintiff, American Federation of State, County and Municipal Employees (AFSCME), Council #4, Local 1030-072 (the "Union"), is the exclusive bargaining representative of the custodial employees of the defendant, Southington Board of Education (the "Board"). On July 22, 1993 the Union filed a grievance on behalf of three of its members pursuant to Article XIV of the collective bargaining agreement (the "Agreement") between the parties. The statement of grievance alleged a violation of Article XIX, Section 19.0 B, of the Agreement as a result of the Board's issuance of performance evaluations for CT Page 4092 Union employees. The Union requested as a remedy that the Board "discuss and re-evaluate the grievants" and "rescind the last evaluations."
Thereafter the Union filed a demand for arbitration with the State Board of Mediation and Arbitration. Pursuant to Connecticut General Statutes § 31-97 (b) the Board challenged the arbitrability of the dispute underlying the grievance. A three person panel of the State Board of Mediation and Arbitration convened a hearing to decide the following issue: "Is the grievance filed by the grievants John Musshorn, Raymond Beckman and Patrick Rungi, Jr., arbitrable?"
On January 16, 1996 the arbitrators ruled that the grievance was not arbitrable because the submission to arbitration contained in Article XIV, Section 14.0 of the Agreement, which limited the arbitration of grievances to disputes concerning the "effect, interpretation, application, claim of breach or violation of the terms of [the] Agreement", rendered the grievance non-arbitrable. The arbitrators noted that there was no language in the Agreement regarding job performance evaluations and concluded that "[t]he contractual grievance language limits those matters which are grievable to matters involving; the terms of the Agreement; the Parties did not contemplate grievances based on the, evaluations nor is there specific language on which the Panel can review the process."
The Union then filed the present application to vacate arbitration award pursuant to Connecticut General Statutes §52-418 (a)(4), which provides:
 Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides . . . shall make an order vacating the award if it finds any of the following defects . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made.
The Connecticut Supreme Court "has consistently favored arbitration as an alternative method for resolving disputes because it avoids the `formalities, delay, expense and vexation of ordinary litigation.' . . . Hartford v. Board of Mediation Arbitration, 211 Conn. 7, 14, 557 A.2d 1236 (1989), quoting O G/O'Connell Joint Venture v. Chase Family Partnership No. 8,
CT Page 4093203 Conn. 133, 145, 523 A.2d 1271 (1987); Waterbury Teachers Assn. v.Waterbury, 164 Conn. 426, 434, 324 A.2d 267 (1973). `[A]rbitration is a creature of contract and the parties delineate the power of the arbitrator by the terms of the submission and their agreement.' Bruno v. Department of ConsumerProtection, 190 Conn. 14, 18, 458 A.2d 685 (1983); Carroll v.Aetna Casualty Surety Co., 189 Conn. 16, 20, 453 A.2d 1158
(1983). Therefore, judicial review of an arbitrator's award is limited in scope. The determination of whether an arbitration board has exceeded its authority in violation of § 52-418 (a) (4) is limited to a comparison of the award with the submission.Hartford v. Board of Mediation Arbitration, supra, 14; NewHaven v. AFSCME, Council 15, Local 530, 208 Conn. 411, 415-16,544 A.2d 186 (1988). O G/O'Connell Joint Venture v. ChaseFamily Limited Partnership No. 3, supra, 153." East Haven v.AFSCME, Council 15, Local 1662, 212 Conn. 368, 372, 561 A.2d 1388
(1989).
Since arbitration is the preferred method for resolving labor-management disputes, arbitration awards enjoy favored treatment and Connecticut Courts grant every reasonable presumption in favor of an award, imposing upon the party challenging the award the burden of producing evidence sufficient to show that the award does not, under any construction, conform to the parties' submission. East Haven v. AFSCME, Council 15,Local 1662, 212 Conn. 368, 561 A.2d 1388 (1989). "The burden of demonstrating the nonconformity of the award to the submission is on the party seeking to vacate the award." Board of Education v.Hartford Federation of School Secretaries, 26 Conn. App. 351,353-54, 600 A.2d 1053 (1992).
The Union invoked arbitration pursuant to the provision of Article XIV of the Agreement, The court must look to those provision to determine the authority of the arbitrators because that authority is strictly limited by those provisions. Board ofEducation of City of New Haven v. AFSCME, Council 4,195 Conn. 266, 271, 487 A.2d 553 (1985); Board of Police Commissioners ofCity of New Haven v. Maher, 171 Conn. 613, 621, 370 A.2d 1076
(1976).
Article XIV, Section 14.4 of the Agreement explicitly defines the powers of the arbitrators in deciding grievances:
 2. Only those grievances involving the effect, interpretation, application, claim of breach or violation of the terms of this CT Page 4094 Agreement may be submitted to final and binding arbitration.
 3. Those grievances which do not involve the effect, interpretation, application, claim of breach or violation of the terms of this Agreement become final at Level Three [Board of Education] and cannot be processed further.
 6. . . . the Arbitrator shall be without power or authority to make any decision which requires the commission of an act prohibited by law or which is violative of the terms of this Agreement.
The foregoing language expressly limits binding arbitration to grievances based upon contract terms and provisions and prohibits arbitrators from rendering an award that contravenes or amends any provision of the Agreement. See United Steel Workers v.Enterprise Wheel and Car Corporation, 363 U.S. 593, 597,80 S.Ct. 1358, 1361 (1960); Board of Education of City of New Haven v.AFSCME, Council #4, 195 Conn. 266, 271, 497 A.2d 533 (1985).
The Union claims that the Board violated Article XIX, Section 19.0 ¶ B of the Agreement in issuing job performance evaluations. Section 19 provides:
 A. Subject to the provisions of this Agreement, the Board reserves and retains all rights, authority and discretion, in the proper discharge of its duties and responsibilities, to control, supervise, and manage the schools and its staff Subject to the provisions of the Agreement the Board has and will continue to retain, whether exercised or not the sole and unquestioned right, responsibility and prerogative, not subject to review, to direct the operation of the school system in all its aspects, including but not limited to the following: to determine educational policy and maintain such educational activities as in its judgment will best serve the interests of the students; to decide the need for Board facilities; to determine the care, maintenance and operation of buildings, land and other property used for Board purposes; to determine the equipment to be used; to prepare budgets and, in its sole discretion, expend monies appropriated by the legislature or derived from other sources for the operation of the schools; and to establish, change and enforce reasonable rules, regulations and policies concerning, among other things, conditions of employment not in conflict with this Agreement.
 B. Such rights and powers shall not be used to circumvent or supersede this Agreement. It is recognized by the Parties that all matters pertinent to wages, hours and other conditions of employment are CT Page 4095 negotiable under the terms of the Municipal Employee Relations Act and such rights are neither waived or diminished by the foregoing language which shall be subject to all of the terms of this Agreement.
The foregoing section does not set forth any specific term of employment or working condition. A grievance based on this section requires a showing that a management right enumerated in Article XIX has been exercised so as to "circumvent or supersede [the] Agreement." The arbitrators found that the plaintiff did not present any evidence to show that a provision of the Agreement had been violated by the defendant's exercise of its management right to issue job performance evaluations. Since grievances are limited to claims of a breach or misinterpretation of a specific term of the Agreement, the arbitrators were correct in determining that the Union's grievance was not arbitrable.
The Union does not point to any provision in the agreement covering job performance evaluations. Instead, it argues, essentially, that Article XIX, Section 19.0 ¶ A. sets forth the matters that are solely in the discretion of the Board, that section is part of the Agreement, therefore, any grievance relating to that section relates to the Agreement, and is arbitrable. Such an argument is ridiculous because it obliterates the entire management rights clause.
The arbitrators' award conformed to the submission. The arbitrators did not abuse their power under Connecticut General Statutes § 52-418. The application to vacate the award is, therefore, denied.
By the court, Aurigemma, J.