[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue before the court in this matter involves an arbitrators opinion and decision regarding contractual provisions of a negotiated labor contract between the parties.
The issue sought to be determined was set out in a submission as stipulated to between the parties.
 Did the Ansonia Board of Education violate Article XIII, Section B and/or "Letters of Understanding Letter of Understanding," No. 2 of the Collective Bargaining Agreement when CT Page 8863 it sunset the Chubb benefits after January 1, 1995 from the medical insurance program? If so, what shall be the remedy?
The arbitrator conducted a hearing and issued his opinion and award which was dated May 6, 1994. [Counsel agree that this date is incorrect and undoubtedly a typographical error and while the applicant claims this as a ground to vacate the award in its application it abandoned such claim at oral argument before this court on April 28, 1998].
It is the claim of the applicant that the opinion and finding of the arbitrator exceeded the submission stipulated to between the parties by interpreting the meaning of the word "sunset" in reaching his decision. It is clear from the opinion filed by the arbitrator that he did in fact consider the implication and effect of the word "sunset" as it related to the terms of the negotiated agreement and opined that the meaning of the word and its effect upon other terms in the contract was unclear and required definition. See page seven of Opinion and Award of Arbitrator. By so doing, the applicants claim that the award must be vacated and cites East Haven v. AFSCME Council 15, Local 1662,212 Conn. 368, 371 for the proposition that the arbitrator is strictly limited to determining only the issue submitted. Sec.52-418 C.G.S. provides, inter alia, that an arbitrators award shall be vacated if the court finds (Sec. 4) that the arbitrator exceeded his powers . . . The respondent contends that the stipulated submission gave the arbitrator the latitude to determine the meaning and effect of the word "sunset" and that the award conforms to the submission and should be confirmed.
The court concurs with the claim advanced by the applicant and finds that the arbitrator did exceed the scope of the submission. The submission did not request a determination of the meaning of the word "sunset" but presented the issue of a contract violation conceding that the benefits involved were to be sunsetted as of a date certain and whether such sunsetting violated the terms of the agreement.
The application of the Ansonia Board of Education to vacate the award is granted and the cross-application of the Ansonia Federation of Teachers, Local 1012 filed April 27, 1998 to confirm the award is denied.
BY THE COURT, CT Page 8864
George W. Ripley, Judge Trial Referee