### WILLIAM H. CASHMAN *v.* SULLIVAN AND DONEGAN, P.C.
### (8560)

SPALLONE, DALY and NORCOTT, Js.

Argued May 3—decision released August 28, 1990

*William H. Cashman,* pro se, the appellant (plaintiff).

*Roger Sullivan,* pro se, the appellee (defendant).

DALY, J. The plaintiff appeals from the trial court's denial of his application to vacate an arbitration award. The plaintiff claims that the trial court incorrectly held that he waived his objection to the arbitration proceedings by his continued participation in the proceedings. We affirm the trial court's judgment.

The facts are not in dispute. On or about June 17, 1986, the defendant law firm filed a grievance against the plaintiff, a former employee, claiming that the plaintiff had removed files and recordings belonging to the defendant. At the suggestion of the grievance committee, the parties agreed to arbitrate their dispute and stipulated that all matters arising out of the plaintiff's employment by the defendant be submitted to an arbitrator for consideration. The plaintiff agreed to arbitrate only if the defendant withdrew its grievance with prejudice against refiling. On or about October 1, 1986, the defendant notified the grievance committee about the arbitration agreement and withdrew its grievance. The statewide grievance committee notified both the defendant and the plaintiff by letters dated February 9, 1987, that it had dismissed the defendant's complaint without prejudice. Meanwhile, the arbitration had begun on January 7, 1987. The plaintiff soon discovered that the grievance matter had not been withdrawn with prejudice and sent a letter dated November 18, 1987, to the American Arbitration Association (AAA), informing it that he declined to proceed with the arbitration due to the defendant's failure to withdraw its grievance with prejudice. The defendant responded by letter dated November 20, 1987, to the AAA indicating that it had no intention of refiling the grievance and that it had no control over the action of the grievance committee. In a letter dated November 23, 1987, the plaintiff indicated that he would not proceed with the arbitration, reiterating that the arbitrator had no

power to arbitrate in light of the defendant's failure to obtain a dismissal of the grievance with prejudice. The AAA replied by a letter dated November 25, 1987, that because the defendant did not intend to refile the grievance, the issue had been removed from the case. Further, the plaintiff was told that he could raise the issue at the next hearing.

The plaintiff took no further action on his objection and proceeded with the arbitration, which resulted in an award on January 3, 1989, in favor of the defendant. The plaintiff then filed an application to vacate the award and the defendant filed an application to confirm it. From the trial court's denial of the plaintiff's application, this appeal ensued.

Judicial review of an arbitration award is limited in scope by General Statutes § 52-418.[1] Judicial review is further limited by the parties' agreement. *Waterbury Board of Education* v. *Waterbury Teachers Assn.*, 168 Conn. 54, 63, 357 A.2d 466 (1975); see also, *O & G/O'Connell Joint Venture* v. *Chase Family Limited Partnership No. 3*, 203 Conn. 133, 146, 523 A.2d 1271 (1987); *East Hartford* v. *East Hartford Municipal Employees Union, Inc.*, 10 Conn. App. 611, 615–16, 525 A.2d 112 (1987), rev'd, 206 Conn. 643, 648, 539 A.2d 125 (1988). The plaintiff's objection, which is his claim on appeal, is that the defendant breached a condition precedent to the contract and that, contrary to the trial

---

[1] General Statutes § 52-418 provides in pertinent part: "(a) . . . the . . . court . . . shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

court's ruling, this claim has not been waived. We need not consider whether the plaintiff waived his claim because there was no breach of the condition precedent. Therefore, because there was no breach of the condition precedent, we conclude there was no procedural violation of the parties' agreement.

The arbitrator considered the plaintiff's claim in the letter of November 25, 1987, when he informed the plaintiff that by the defendant's express intention not to refile, the issue had been removed from the case. Further, the arbitrator told the plaintiff that if he was not comfortable with this resolution, he could raise the claim as a threshold issue at the next hearing. The plaintiff never mentioned the issue again until he sought to vacate the award.

Arbitration is created by a contract between the parties, referred to as the agreement of submission. The written submission defines the powers of the arbitrator, and the parties are bound by the limits they have fixed. It is the submission that generally controls the parties' rights on judicial review. *Bennett* v. *Meader*, 208 Conn. 352, 363, 545 A.2d 553 (1988).

The submission in this case provided in pertinent part that arbitration would involve "all claims, disputes or controversies arising out of the employment or association" of the plaintiff with the defendant. This unrestricted submission empowered the arbitrator to decide all the factual and legal questions presented by the parties. *Bic Pen Corporation* v. *Local No. 134*, 183 Conn. 579, 584, 440 A.2d 774 (1981). Every reasonable presumption and intendment will be made in favor of the award and of the arbitrator's acts and proceedings. Id., 585. An award will not be vacated on the ground that the construction placed on the facts or the interpretation of the agreement by the arbitrator was erroneous. Id., 584.

Here, the arbitrator decided that the defendant's assurance in withdrawing its grievance sufficiently met the plaintiff's objection. The defendant's assurance that it would not refile the grievance was binding as one of the terms of the arbitration. *Norwich R. C. Diocese Corporation* v. *S. N. E. Contracting Co.,* 164 Conn. 472, 476, 325 A.2d 274 (1973); *East Hartford* v. *East Hartford Municipal Employees Union, Inc.,* supra, 615. Thus, the condition precedent was adequately fulfilled. The arbitrator's decision was reasonable and within the scope of the parties' unrestricted submission to arbitrate "all claims, disputes or controversies." Because the arbitrator ruled within the parameters of the parties' submission, providing a fair hearing, the award will not be set aside. *Bennett* v. *Meader,* supra.

The judgment is affirmed.

In this opinion the other judges concurred.