[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO VACATE ARBITRATION AWARD
The plaintiff moves to vacate the arbitration award on the ground that the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definitive award was not made.
The facts underlying this dispute are not contested. The grievant, Kurt Rogerson, was an exempt employee who was hired as a fiscal officer by the Hartford Civic Center and Coliseum Authority (hereinafter "Civic Center") in 1976. He resigned from that position in October, 1985. During the 1970's the Civic Center existed alternately as an independent authority and as a part of the City of Hartford (hereinafter "City"). The Civic Center is currently a part of the City but maintains its own Personnel Department and Commissioner.
In 1980, the exempt employees formed a new bargaining unit of the Hartford Municipal Employees Association (hereinafter "Union"). In 1981, the Union and the City agreed to specific contract provisions dealing with this new bargaining unit. Section 4.2 provides in relevant part:
 Exempt employees of the Hartford Civic Center and Coliseum Authority covered by this Agreement who are not currently compensated on an hour for hour basis for overtime will receive straight time pay CT Page 2027 for all work in excess of 48 hours in a week, and provided further that such overtime work must be approved in advance by the Civic Center Director or his designee.
 It is further understood that the salary ranges in Appendix A covering exempt employees of the Civic Center represent total compensation for all hours worked up to 48 hours in a week.
Prior to 1981, Civic Center employees had recorded all hours worked which exceeded forty hours per week as overtime and used them as earned/compensatory time (hereinafter "comp time") off. After the contract provisions became effective, the Civic Center employees continued to record the hours worked between forty and forty-eight hours per week as comp time.
In October, 1985, the grievant resigned from his position at the Civic Center and requested that the City pay him for his unused comp time, 1,299 hours, or extend his departure date for that period of time. The City denied his request. Pursuant to provisions of the collective bargaining agreement, the Union filed a grievance protesting the City's decision. When the matter could not be resolved, the Union invoked arbitration.
The parties were unable to agree on a submission to the arbitrators. The Union's submission was:
 Whether or not the grievant, Kurt Rogerson, was properly compensated in accordance with the collective bargaining agreement between the City of Hartford and RMEA when he resigned on October 9, 1985? If not, what shall be the remedy?
The City submitted a narrower issue:
 Whether or not the grievant, Kurt Rogerson, was properly compensated in CT Page 2028 accordance with Article IV, Section 4.2 and Article V, Section 5.2 of the current collective bargaining agreement between the City of Hartford and the Hartford Municipal Employees Association, Inc., when he resigned on October 9, 1985? If not, what shall the remedy be in accordance with the terms of the contract?
The arbitrators formulated their own submission:
 Whether or not Kurt Rogerson was properly compensated in accordance with the Collective Bargaining Agreement between the City of Hartford and the Hartford Municipal Employees Association when he resigned on October 9, 1985? If not, what shall the remedy be?
The arbitrators issued its award on August 22, 1990, ruling that:
 The Grievance is denied. Kurt Rogerson was properly compensated per the Contract when he resigned on October 8, 1985.
On September 18, 1990 the Union filed this Application to Vacate Arbitration Award on the ground that the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. The application was accompanied by supporting memorandum of law. On January 30, 1991, the City filed a memorandum in opposition to the Union's motion to vacate arbitration award.
 Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides . . . shall make an order vacating the award if it finds any of the following defects: . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a CT Page 2029 mutual, final and definitive award upon the subject matter was not made.
General Statutes 52-418(a). Any motion to vacate an arbitration award must be made within thirty days from the notice to the party making the motion. General Statutes 52-420(b). The arbitrators reached their decision on August 22, 1990 and notified the Union on August 27, 1990. The Union's motion to vacate the award, filed on September 18, 1990, was timely filed.
"Where the parties have voluntarily and contractually agreed to submit to arbitration and have delineated the powers of the arbitrator through their submission, then the scope of judicial review of the award is limited by the terms of the parties' agreement and by the provisions of General Statutes 52-418." American Universal Insurance v. DelGreco, 205 Conn. 178,185, 530 A.2d 171 (1987). The Union invoked arbitration as provided in Article II, section 2.1 of the collective bargaining agreement. This is voluntary arbitration rather than compulsory arbitration. See American Universal Insurance v. DelGreco, supra, 188 (compulsory arbitration, which is arbitration mandated by statute, demands a higher standard of judicial review than voluntary arbitration)
"Arbitration is created by a contract between the parties referred to as the agreement of submission. The written submission defines the powers of the arbitrator, and the parties are bound by the limits they have fixed." Cashman v. Sullivan Donegan, P.C., 23 Conn. App. 24,27, 578 A.2d 167 (1990). In this case the parties could not agree on the submission. The arbitrators formulated their own submission which was almost identical to the submission of the Union. Neither party objected to this action of the arbitrators. Therefore the parties will be bound by the award based on the arbitrators' submission.
"`[J]udicial review of an arbitrator's award is limited in scope. The determination of whether an arbitration board has exceeded its authority in violation of 52-418(a)(4) is limited to a comparison of the award with its submission.'" Board of Education v. Waterbury Teachers Assn., 216 Conn. 612, 617, 583 A.2d 626 (1990), CT Page 2030 quoting East Haven v. AFSCME, Council 15, Local 1662,212 Conn. 368, 371, 561 A.2d 1388 (1989). "Every reasonable presumption and intendment will be made in favor of the award and of the arbitrator's acts and proceedings. Hence, the burden rests on the party challenging the award to produce evidence sufficient to show that it does not conform to the submission." (Citations and quotations marks omitted.) Board of Education v. Waterbury Teachers Assn., supra, 618. "An award will not be vacated on the ground that the construction placed on the facts or the interpretations of the agreement by the arbitrator is erroneous." Cashman v. Sullivan Donegan P.C., 23 Conn. App. 24, 27, 578 A.2d 167 (1990). Indeed, "[t]here are only two very narrow exceptions to the rule that a court may not substitute its own conclusions for the findings of the arbitrators. These exceptions occur where the arbitrators rule on the constitutionality of a statute or order a party to engage in conduct in clear violation of public policy." Hartford v. IAFF, Local 760, AFL-CIO, CLC, 24 Conn. App. 254, 257 n. 1,587 A.2d 435 (1991), citing New Haven v. AFSCME, Council 15, Local 530, 208 Conn. 411, 416, 544 A.2d 186 (1988).
The Union maintains that the arbitrators imperfectly executed their powers because they failed to read together Section 4.1 of the contract, which provides a forty hour work week, and Section 4.2, which provides overtime pay for Civic Center employees for hours worked in excess of forty-eight hours per week. The Union appears to have ignored the remaining portion of Section 4.2 which states that the salary of exempt Civic Center employees represents their total compensation for up to forty-eight hours worked in a week. The arbitrators could have read these two sections and concluded that the salary of an exempt employee of the Civic Center has been calculated to include payment for eight hours of overtime per week.
The Union also contends that the award is too broad because it will prevent other employees from receiving compensation for unused comp time. The submission asks: "Whether or not Kurt Rogerson was properly compensated in accordance with the Collective Bargaining Agreement between the City of Hartford and the Hartford Municipal Employees Association when he resigned CT Page 2031 on October 8, 1985?" The award stated: "The Grievance is denied. Kurt Rogerson was properly compensated per the Contract when he resigned on October 8, 1985." We find that the award properly conforms to the submission. Further, the Union has not produced any evidence to show that this award does not conform to the submission. See Board of Education v. Waterbury Teachers Assn., supra. Therefore, the fact that this decision may be applied to other employees is irrelevant to the determination of this motion.
"[J]udicial review of arbitration awards is even more restrictive than judicial review of a decision of an administrative agency under the Uniform Administrative Procedure Act. . . ." O G/O'Connell Joint Venture v. Chase Family Limited Partnership No. 3, 203 Conn. 133,155, 523 A.2d 1271 (1987). The trial court may not substitute its interpretation of a contract for that of the arbitrators, even when the arbitrators' interpretation may be erroneous. See Cashman v. Sullivan Donegan P.C., supra. Accordingly, the motion to vacate arbitration award is denied.
Mary R. Hennessey, Judge