[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an application to vacate an arbitration award. The State Board of Mediation and Arbitration (hereinafter "board") issued the award on July 22, 1993, against the plaintiff, Town of Hamden (hereinafter "town"), and in favor of a terminated municipal employee and her representative, the defendant, AFSCME, Council 4, Local 818 (hereinafter "union"). The defendant union has counter-applied to confirm the award.
The court finds the following facts: On November 5, 1991, Lillian D. Clayman was elected mayor of Hamden, succeeding John CT Page 1843 Carusone. Upon her election, Clayman sought the resignation of town purchasing agent Ed Palleria, pursuant to her authority under the Town Charter. Absent his assent, Clayman advised Palleria "that your employment will be and is hereby terminated effective November 25, 1991", the date Clayman officially assumed office. Palleria was appointed to the position of purchasing agent on November 17, 1987 and served capably during his tenure. Following Palleria's discharge, the union filed a grievance claiming the employee had been terminated without just cause in violation of the terms of the town's collective bargaining agreement. The parties were unable to resolve the grievance and ultimately the union submitted the dispute to arbitration before the board. The town challenged the arbitrability of the grievance on the grounds that its failure to reappoint Palleria did not constitute a termination for cause within the meaning of the collective bargaining agreement and thus did not constitute a violation of the agreement. After a full hearing the board found the grievance to be arbitrable on the grounds that there was a conflict between the collective bargaining agreement and the Town Charter. The dispute proceeded to a full hearing on the merits and by award dated July 22, 1993, the board unanimously found that Palleria was not discharged for good cause and ordered reinstatement and lost wages. Subsequently, the town filed this application to vacate the arbitration award on the basis that the arbitrators exceeded their authority under General Statutes 52-418 (a)(4). The union's counter-application to confirm the award followed. Thereafter, the town filed a motion for summary judgment, which the union opposed, and this court denied. The parties have agreed that their previously submitted summary judgment memoranda of law be used by the court in deciding the ultimate issue, to vacate or confirm.
Judicial review of arbitration awards is authorized by General Statutes 52-418 which provides in relevant part:
 Vacating award. (a) Upon the application of any party to an arbitration, the Superior Court for the judicial district in which one of the parties resides . . . shall make an order vacating the award if it finds any of the following defects: . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definitive award upon the subject matter was not made. CT Page 1844
"Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." Garrity v. McCaskey, 223 Conn. 1, 4-5 (1992) (citations omitted). "Where the parties have voluntarily and contractually agreed to submit to arbitration and have delineated the powers of the arbitrator through their submission, then the scope of judicial review of the award is limited by the terms of the parties' agreement and by the provisions of General Statutes 52-418." American Universal Insurance v. Delgreco, 205 Conn. 178, 185 (1987). The union invoked arbitration as provided in Article 20 of the collective bargaining agreement, which states, in relevant parts, as follows:
 20.1 In the event that any dispute between the Town and the Union, or any employee, concerning the interpretation or application of the provisions of this agreement, such dispute shall be deemed to be a grievance, and shall be settled in accordance with the grievance procedure set forth herein. . .
 20.4 Step 2 — If such grievance is not resolved to the satisfaction of the Union, the grievance maybe submitted by the Union to the Connecticut State Board of Mediation and Arbitration. . .
 20.4. . . The decision of State Board of Mediation and Arbitration shall be final and binding on the parties, provided it is not contrary to law. . . . The authority of the . . . arbitration panel, shall be limited to the interpretation and application of the provisions of this agreement, with no authority to add or subtract from this agreement.
"Arbitration is created by a contract between the parties referred to as the agreement of submission. The written submission defines the powers of the arbitrator, and the parties are bound by the limits they have fixed. It is the submission that generally controls the parties' rights on judicial review." Cashman v. Sullivan Donegan, P.C., 23 Conn. App. 24, 27 (1990) (citation omitted). In this case, the parties could not agree on the CT Page 1845 submission. The arbitrators formulated their own submission in accordance with Regs., Conn. State Agencies 31-91-35 (b), which reads:
 The parties shall present to the panel a carefully worded statement of the issue or issues in dispute between them on which the board is requested to rule. If the parties are unable to agree upon the issue or issues to be decided, the panel shall frame the issues.
This is voluntary arbitration, not compulsory or statutorily mandated arbitration which demands a higher standard of judicial review. Having freely contracted to use the board to help resolve its disputes, the town cannot now claim it is not bound by the board's well defined and published rules and regulations. This court concludes that the award in this case arose out of an authorized board-worded submission, contracted for by the parties.
Therefore, judicial review of the arbitrators' award is limited in scope. The determination of whether the arbitration board exceeded its authority in violation of 52-418 (a)(4) is limited to a comparison of the award with the submission. East Haven v. AFSCME, Council 15, Local 1662, 212 Conn. 368, 371 (1989) (citations omitted).
In this case, the board framed the submission as follows: "Was the Grievant, Edmund Palleria, discharged for good and sufficient cause? If not, what shall the remedy be:" The board issued the following award:
 The Grievant, Edmund Palleria, was not discharged for good and sufficient cause. Town is directed to reinstate the Grievant and to pay him, retroactively to date of discharge, for all lost wages and benefits, minus any unemployment compensation or wages received during the period in question. Town is further directed to expunge his record of all references to the discharge.
"Every reasonable presumption and intendment will be made in favor of the award and of the arbitrator's acts and proceedings. Hence, the burden rests on the party challenging the award to produce CT Page 1846 evidence sufficient to show that it does not conform to the submission." Board of Education v. Waterbury Teachers Assn.,216 Conn. 612, 618 (1990) (citations and quotation marks omitted).
The town argues that the arbitrators exceeded their authority by erroneously finding a conflict between the town's right under its Charter not to reappoint a political appointee and the provision of the collective bargaining agreement requiring just cause for termination of an employee. The town claims that it did not terminate Palleria, rather his employment terminated by virtue of the expiration of his term of office and he was simply not reappointed.
Section 15-4 of the Town Charter states: "The Director of Finance may act as or may appoint, subject to the approval of the Mayor and may remove, a Purchasing Agent. . . ." Section 5-3 of the Town Charter provides: "[T]he terms of all such appointees shall terminate at the same time as the term of the Mayor." Section 19.1 of the collective bargaining agreement provides: "[n]o employee shall be discharged . . . without good and sufficient cause." Section 1.1 of the collective bargaining agreement provides: "Town recognizes the Union as the sole and exclusive bargaining representative for . . . such other positions as may be included by agreement of or actions of the State Board of Labor Relations." On June 28, 1990, the parties executed a Recognition Agreement the purpose of which was "To expand the existing unit to include the positions of Tax Collector and Purchasing Agent. . . ." See Defendant's Exhibits 1 and 2.
The provisions of the contract, with respect to discharge of mayoral appointees, are in conflict with the provisions of the charter cited. Where such a conflict exists, General Statutes 7-474
(f) provides that the terms of the collective bargaining agreement "shall prevail". The town argues that such precedence applies only to contracts approved in accordance with general Statutes 7-467 through 7-477. Such claim lacks merit. The statutory requirement that the town's legislative council ratify labor agreements was fulfilled when it approved Section 1.1 of the collective bargaining agreement; specifically, authorizing ". . . such other positions as may be included by agreement of or actions of the State Board of Labor Relations."
The town next argues that the provision of the charter which enables the mayor to appoint key administration officials to terms coterminous with her own embodies a public policy that chief CT Page 1847 executive officers of municipalities are entitled to select individuals of their choice who they believe will best fulfill the policies of their administration. The town claims that the collective bargaining agreement does not contemplate such a far reaching bridling of the mayor's unequivocal authority as evidenced by the board's award. Such a transgression of public policy is beyond the authority of the arbitrators, rendering the award illegal and unenforceable. This court disagrees.
"The public policy exception to arbitral authority should be narrowly construed and a court's refusal to enforce an arbitrator's interpretation of collective bargaining agreements is limited to situations where the contract as interpreted would violate some explicit public policy that is well defined and dominant, and is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests." Watertown Police Union Local 541 v. Watertown, 210 Conn. 333, 340
(1989) (citations and quotation marks omitted). "The public policy exception applies only when the award is clearly illegal or clearly violative of a strong public policy." Garrity v. McCaskey, supra, 7. This court has considered the applicability of this common law exception in the present circumstances and is left unpersuaded that it is applicable in this case, either directly or by way of analogy. This is particularly true "in light of the strong public policy that favors arbitration." Id.
Finally, and at the heart of the town's complaint, is its belief that the board asked and answered the wrong question. The town argues that the board framed the issue before them incorrectly: "The issue was not whether the Town has discharged Palleria for cause but whether the Town had violated the collective bargaining agreement by failing to re-appoint Palleria to another term of office." In a similar case, Judge Hodgson articulated thought fully:
 The charter provisions indicated that mayoral appointees maybe discharged by reason of expiration of the mayor's term, yet the contract provides, contradictorily, that no employee shall be discharged without just cause. Though the defendants' attempt to make a distinction between "discharge" and "termination," the outcome — loss of position — is the same, and the contract recognizes only one standard, that of just cause, and not CT Page 1848 the additional standard of expiration of the mayor's term as now urged by the defendants. If the town had meant to preserve the mayor's option of discharging employees at the expiration of a term, it could have preserved that right in the contract. Instead, the town apparently bargained away this right, leaving new mayors with the option of discharging only those appointees as to who just cause for discharge exists.
Local 818 v. East Haven, 42 Conn. Sup. 227, 235 (1992). This court concurs.
Accordingly, the application to vacate the arbitration award is denied and the counter application to confirm the arbitration award is granted.
Martin, J.