[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action, by application of the plaintiff, seeks "to vacate an Arbitration Award" dated May 13, 1994 and by defendant, seeking an order "to Confirm an Arbitration Award" dated May 19, 1994.
The parties duly appeared and were fully heard and after fully considering the claims of the parties and the "Stipulation Regarding Admission of Exhibits Into Evidence," dated June 6, 1994, the court finds:
1. Disputes arose between the parties concerning the Breach of Contract and Breach of Warranty in the manufacture and delivery of certain castings pursuant to a written contract dated March 2, 1992.
2. Said contract contained an arbitration clause as follows:
 Any controversy or claim arising out of or relating to this contract, or breach thereof, shall be settled by arbitration in accordance with the Commercial Arbitration CT Page 8020 Rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof. The parties agree that venue for the arbitration shall be in Hartford, Connecticut.
3. The Arbitrator, upon duly hearing the parties, their exhibits and briefs, issued his Award dated April 22, 1994. See Copy of Award Exhibit C, Plaintiff's Application and Copy of Award Exhibit E, Defendant's Application.
4. The submission to arbitration was broad and unrestricted.
5. No defects of any matters or proscriptions in § 52-418a are found.
6. The award conformed to, logically flowed from; and is not inconsistent or contrary to the submission of the parties as specifically stated in the contract of the parties. (Exhibit B attached to Plaintiff's Application to Vacate and Exhibit B attached to Defendant's Application to Confirm).
7. The arbitrator awarded the defendant $105,546.98 and ruled against the plaintiff's counterclaim.
The parties have contractually agreed to submit their claims to arbitration and accordingly delineated the arbitrator's powers through their submission. By that submission the judicial scope of review is determined.
The submission which concerns this dispute may be termed unrestricted. It lacks conditional or limiting language.
 [A]n unrestricted submission empower(s] the arbitrator to decide all the factual and legal questions presented by the parties. Every reasonable presumption and intent will be made in favor of the award and of the arbitrator's acts and proceedings. an [An] award will not be vacated on the ground that the construction placed on the facts or the interpretation of the agreement by the arbitrator was erroneous.
CT Page 8021
Cashman v. Sullivan Donegan, P.C., 23 Conn. App. 27.
The unrestricted submission, as here, does not require the arbitrator to decide issues according to law or fact and may use his own judgment and discretion in rendering an appropriate award which is final and binding. See Cashman v.Sullivan Donegan, P.C., Id.; American Universal Insurance Co.v. DelGreco, 205 Conn. 186.
The court concludes that the award be accepted and that it should be affirmed in favor of the defendant and the application of the plaintiff denied.
Therefore, it is adjudged that the award be and the same is hereby confirmed and that the defendant recover of the plaintiff $105,546.98 and costs.
By the court,
JOSEPH F. MORELLI STATE TRIAL REFEREE