[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties to the present action, R.W. Granger Sons, Inc. (Granger) and Envirotest Systems Corp. (Envirotest) were parties to a construction contract. Envirotest, pursuant to General Statutes § 14-164a and a contract with the state of Connecticut, is responsible for the administration of Connecticut's Vehicle Emissions Inspection Program. In 1994, Granger was selected by Envirotest to serve as the general contractor on a project which involved the renovation and construction of vehicle emission and inspection stations.
Work was completed on the project in 1995. A dispute arose, however, when Granger claimed that Envirotest had failed to pay CT Page 5733 all amounts which were due and owing. The parties could not reach agreement on the amounts due and owing Granger, and in September 1996, Granger made a demand for arbitration before the American Arbitration Association pursuant to the parties' contract
During the course of the arbitration, seventeen disputed issues were identified and submitted to the arbitration panel. The arbitration hearing was conducted between October 29, 1997 and February 18, 1998.
On or about August 13, 1998, the panel issued its award. The panel's award listed each of the items in dispute and designated a monetary award for each of these items. The award, however, did not include an amount for one of the seventeen disputed items submitted. The omitted item involved $185,829.57 that Granger claimed was undisputed. In view of this omission, Granger filed a motion to modify the arbitrator's award with the American Arbitration Association on August 31, 1998, claiming that the panel failed to render a decision concerning Granger's claim for "undisputed sums due" in the amount of $185,829.57.[1] On September 14, 1998, Granger also filed a motion to vacate or modify the award pursuant to General Statutes §§ 52-418
through 52-419 in the Hartford Superior Court.
The arbitration panel, after considering Granger's motion, issued a modified award on September 30, 1998. In its modified award, the panel explained the omission in its initial award as follows: "That Award, due to a clerical error, failed to include an amount for the category `Undisputed Amounts', although the panel had, in fact, considered and decided that claim." Envirotest's Memorandum of Law dated February 17, 1999, Award Modification, Exhibit C. To correct its earlier error, the panel issued a modified award specifying that Granger was entitled to zero dollars on the issue of undisputed amounts.
Subsequent to the issuance of the arbitration panel's modified award, Granger maintained its challenge to the arbitration panel's award in this court. Granger continues to assert that the arbitration panel's award should be vacated and that the court should enter an order awarding Granger the uncontested amount due. Each of the parties filed memoranda of law, and the court heard the parties argue the issue at short calendar on April 12, 1999.
It is well established that judicial review of arbitral CT Page 5734 decisions is limited. "When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. . . . When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. . . . Because we favor arbitration as a means of setting private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution. . . . Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved." (Citations omitted; internal quotation marks omitted.) Stratford v. International Assn. of Firefighters,AFL-CIO, Local 998, 248 Conn. 108, 114-15, ___ A.2d ___ (1999).
In the present case, Granger concedes that the submission to the arbitration panel was unrestricted. See Granger's Memorandum of Law dated February 17, 1999, p. 3. "Even in the case of an unrestricted submission, [Connecticut courts have] recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute; Caldor, Inc. v. Thornton,191 Conn. 336, 344, 464 A.2d 785 (1983), aff'd, 472 U.S. 703,105 S.Ct. 2914, 86 L.Ed.2d 557 (1985); (2) the award violates clear public policy; Watertown Police Union Local 541 v. Watertown,210 Conn. 333, 339, 555 A.2d 406 (1989); or (3) the award contravenes one or more of the statutory proscriptions of § 52-418.Carroll v. Aetna Casualty Surety Co., [189 Conn. 16, 22-23,453 A.2d 1158 (1983)]." Garrity v. McCaskey, 223 Conn. 1, 6,612 A.2d 742 (1992).
In the present case, Granger contends that the third of these grounds exists. In particular, Granger asserts that the arbitration panel's final award violates General Statutes §52-418(a)(4), which provides that the court shall vacate an arbitration award "if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."[2]
The basis for Granger's claim is that the arbitration panel, CT Page 5735 by failing to award Granger the sums it claims Envirotest undisputedly admitted to owing, manifestly disregarded the law. The Connecticut Supreme Court has recognized that an arbitrator's manifest disregard of the law may constitute a ground for vacating the award under § 52-418(a)(4). See Garrity v.McCaskey, supra, 223 Conn. 7-11. "[A]n award that manifests an egregious or patently irrational application of the law is an award that should be set aside pursuant to § 52-418(a)(4) because the arbitrator has `exceeded [his] powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.' We emphasize, however, that the `manifest disregard of the law' ground for vacating an arbitration award is narrow and should be reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal principles." (Internal quotation marks omitted.) Saturn Construction Co. v. Premier Roofing Co.,238 Conn. 293, 304, 680 A.2d 1274 (1996).
"So delimited, the principle of vacating an award because of a manifest disregard of the law is an important safeguard of the integrity of alternate dispute resolution mechanisms. Judicial approval of arbitration decisions that so egregiously depart from established law that they border on the irrational would undermine society's confidence in the legitimacy of the arbitration process. . . . Furthermore, although the discretion conferred on the arbitrator by the contracting parties is exceedingly broad, modern contract principles of good faith and fair dealing recognize that even contractual discretion must be exercised for purposes reasonably within the contemplation of the contracting parties." (Citations omitted; internal quotation marks omitted.) Id., 305.
In determining whether an arbitration award should be vacated on the ground that the arbitration panel manifestly disregarded the law, the court must apply the three part test adopted inGarrity v. McCaskey, supra, 223 Conn. 9. "The test consists of the following three elements, all of which must be satisfied in order for a court to vacate an arbitration award on the ground that the arbitration panel manifestly disregarded the law: (1) the error was obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator; (2) the arbitration panel appreciated the existence of a clearly governing legal principle but decided to ignore it; and (3) the governing law alleged to have been ignored by the arbitration panel is well defined, explicit, and clearly CT Page 5736 applicable." Saturn Construction Co. v. Premier Roofing Co., supra, 238 Conn. 305, citing Garrity v. McCaskey, supra, 9.
Granger argues that the arbitration panel received uncontroverted evidence from which it is clear that Envirotest admitted to owing Granger $185,829.57. This evidence consists of two letters and a spreadsheet. The first letter, dated April 5, 1996 and drafted and signed by Envirotest's Vice President of Program Development, Richard M. Tucker, references a spreadsheet, noting that the spreadsheet "fairly represents Envirotest's position regarding the referenced outstanding change orders." Granger's Memorandum of Law dated February 17, 1999, Letter of Richard M. Tucker dated April 5, 1996, Exhibit A. Based thereupon, the letter represents that "Envirotest is willing to pay $185,829.57 due to the fact that Envirotest benefitted [benefited] from this work even though the change order processing was not performed according to the terms of the contract." Id. According to Granger, the spreadsheet attached to the letter establishes that the amount admittedly owed consists mainly of items not covered in any of the other sixteen categories submitted to the arbitration panel.[3]
The second letter, dated May 17, 1996 and also signed by Tucker, refers to the April 5, 1996 letter. In the second letter, Tucker states that in the April 5, 1996 letter, "I established that the uncontested amount is $185,829.57 but that as a means of achieving a final close-out, Envirotest was offering another $150,000.00." Granger's Memorandum of Law dated February 17, 1999, Letter of Richard M. Tucker dated May 17, 1996, Exhibit B. The letter continues, "[a] payment of $335,829.57 to [Granger] would be [acceptable] to Envirotest conditioned only as a final payment." Id. Finally, the letter concludes with Tucker inviting responses or questions "regarding these offers. . . ." Id.
During the arbitration hearing, these two letters were admitted into evidence by the panel over the objections of Envirotest, who asserted that the letters were inadmissible offers of settlement. Granger claims that these letters, along with the fact that Envirotest failed to produce evidence in rebuttal, constitutes uncontroverted evidence that Granger was entitled to the uncontested amount. In light of this evidence, Granger contends that the arbitration panel's failure to award Granger the undisputed amount constitutes an egregious or patently irrational application of the law. CT Page 5737
Granger's claim falls short of meeting the three part test necessary to establish a manifest disregard of the law on the part of the arbitrators. Granger has not pointed to a specific legal doctrine or rule that it alleges the panel appreciated yet ignored. Granger, moreover, has not provided this court with any evidence, such as the existence of a split vote among the panel members on the issue in question; see Connecticut Ins. GuarantyAssn. v. Zasun, 52 Conn. App. 212 230 ___ A.2d ___ (1999); that the alleged error is obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator. Rather, it appears that Granger is challenging the arbitration panel's findings of fact. There may be merit to Granger's claim that the arbitration panel's ultimate determination regarding the uncontested amount was contrary to the weight of the evidence. This, however, is not a basis upon which this court may vacate the panel's award. See, e.g., Cashmanv. Sullivan Donnegan. P.C., 23 Conn. App. 24, 27, 578 A.2d 167, cert. denied, 216 Conn. 821, 581 A.2d 1054 (1990) ("An award will not be vacated on the ground that the construction placed on the facts or the interpretation of the agreement by the arbitrator was erroneous."). In contracting with Envirotest to arbitrate their disputes, Granger bargained for the panel's factual determinations. The panel, after considering the minimal evidence presented regarding the claimed undisputed amount, determined that Granger had not established that it was entitled thereto.[4]
"[A] party cannot object to an award which accomplishes precisely what the arbitrators were authorized to do merely because that party dislikes the results." American Universal Ins.Co. v. DelGreco, 205 Conn. 178, 187, 530 A.2d 171 (1987).
The only evidence presented by Granger to this court of Granger's entitlement to the uncontested amount are the two letters and the spreadsheet. Envirotest, moreover, only added testimony of one of Granger's officers, Larry Ayers, who stated that the first of the letters was sent in the context of settlement negotiations. Granger has not presented any additional evidence to this court regarding its entitlement to the uncontested amount.
Because Granger has not met its burden of establishing that the arbitration panel manifestly disregarded the law in rendering its final award, Granger's application to vacate the arbitration panel's award pursuant to General Statutes § 52-418 must be denied. CT Page 5738
In seeking to have the award modified under General Statutes § 52-419, Granger does not raise any grounds beyond those discussed above.[5] Manifest disregard of the law, while recognized as a ground for avoidance of an arbitration award under § 52-418, has not been recognized as a ground for modification of an award pursuant to § 52-419. Nonetheless, assuming arguendo that the court may modify the panel's award on this ground, under the analysis above, Granger has not identified an error in the award which would warrant correction. Accordingly, Granger's application to modify the panel's award under § 52-419 is denied as well.
In the application Granger filed with this court on September 14, 1998, Granger references both General Statutes §§ 52-418
and 52-419 and is clearly arguing that the award should be vacated or, in the alternative, modified. In the memoranda that Granger filed after the arbitration panel issued its modified award on September 30, 1998, Granger does not cite General Statutes § 52-419. Nonetheless, in its memoranda, Granger is requesting that this court vacate the arbitration panel's modified award and enter an order awarding it the allegedly uncontested sum. Thus, it appears that Granger is seeking a modification of the award pursuant to § 52-419 despite its failure to reference that statute.
Granger has failed to establish that the arbitration panel manifestly disregarded the law. Accordingly, Granger's application to vacate or modify the panel's award is denied.[6]
So ordered, By the Court,
John J. Langenbach, J.