BOARD OF EDUCATION OF THE CITY OF WATERBURY ET AL. *v.* WATERBURY TEACHERS ASSOCIATION ET AL.
(14066)

PETERS, C. J., CALLAHAN, COVELLO, HULL and BORDEN, Js.

---

Argued September 26—decision released December 11, 1990

*Ronald Cordilico,* for the appellant (named defendant).

*Ralph E. Wilson,* for the appellee (named plaintiff).

CALLAHAN, J. This is an appeal by the named defendant, the Waterbury Teachers Association, from a judgment of the trial court vacating an arbitration award in part and confirming it in part. The court based its judgment on its conclusion that the arbitrator had exceeded his authority in ordering the named plaintiff, the Waterbury board of education,[1] to submit the

---

[1] Because the named plaintiff and the named defendant are the only parties to this appeal, we will refer to them as the plaintiff and the defendant.

names of sixty-two teachers to the Waterbury retirement board for inclusion in the Waterbury retirement system. Because we conclude that the arbitrator did not exceed his authority, we reverse the trial court's judgment.

The facts are not in dispute. The defendant is the exclusive bargaining agent for the teachers in the Waterbury public school system under a collective bargaining agreement with the city of Waterbury. On June 10, 1987, the defendant submitted a grievance on behalf of sixty-two teachers claiming that the plaintiff had violated the collective bargaining agreement between these parties by failing to include the teachers on the membership rolls of the Waterbury retirement system.

The primary issue before the arbitrator was the interpretation of a provision of the collective bargaining agreement providing that "[t]eachers newly employed after March 1, 1970, shall not be included in the City of Waterbury Retirement System." The teachers on whose behalf the grievance was filed had been teachers in the Waterbury school system prior to March 1, 1970, had resigned from these positions prior to March 1, 1970, and had been rehired as teachers by the plaintiff after that date. At the time of their resignations, the teachers had received a refund of the amounts they had contributed to the Waterbury retirement system. On the basis of the past practice of the defendant in resolving similar claims made by three other teachers, the arbitrator concluded that the term "newly employed" did not include teachers who had been employed by the Waterbury school system prior to March 1, 1970, and who had been rehired subsequent to March 1, 1970. Having concluded that the plaintiff had violated the collective bargaining agreement by failing to include the rehired teachers in the retirement

system, the arbitrator ordered the plaintiff to "submit the names of the sixty-two (62) teachers . . . to the Waterbury Retirement System for inclusion *in accordance with whatever statutory provisions are in effect,* so that these persons may make whatever payments are statutorily determined to be necessary in order to insure that they are 'members in good standing' of the City of Waterbury Retirement System." (Emphasis added).[2]

The plaintiff filed an application in the Superior Court to vacate the arbitration award pursuant to General Statutes § 52-418,[3] and the defendant filed an application for an order confirming the award pursuant

[2] The complete text of the arbitrator's award states: "The Board of Education did violate the agreement by its improper interpretation of Article XXXI (A) (2), when it failed to include the sixty-two (62) teachers listed in the June 10, 1987 grievance, on the membership rolls of the Waterbury retirement system. Its decision in [cases involving three similarly situated teachers] ha[s] given substance and meaning to the words of Article XXXII (A) (2) [sic], that 'newly-employed' does not include any teacher who is re-employed by the Waterbury school system and who had been first employed prior to March 1, 1970.

"The Waterbury Board of Education will submit the names of the sixty-two (62) teachers on the aforementioned list to the Waterbury Retirement System for inclusion in accordance with whatever statutory provisions are in effect, so that these persons may make whatever payments are statutorily determined to be necessary in order to insure that they are 'members in good standing,' of the City of Waterbury Retirement System." (Emphasis omitted.)

[3] General Statutes § 52-418 provides: "VACATING AWARD. (a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their

to General Statutes § 52-417.[4] The parties thereafter stipulated that the number of teachers included within the arbitrator's award should have been forty-eight rather than sixty-two. The trial court vacated the arbitration award in part and confirmed it in part. The court concluded that the arbitrator had exceeded his authority and declared the arbitration award void as to the Waterbury retirement board because the board was not a party to the arbitration contract and had not been given notice or an opportunity to be heard. The court ruled, however, that "the arbitration order might be read as merely requiring the [Waterbury board of education] to certify to the retirement board that the forty-eight teachers are presently employed by the [Waterbury board of education] and that aspect of the award alone is confirmed by the court."[5] The defend-

---

powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

"(b) If an award is vacated and the time within which the award is required to be rendered has not expired, the court or judge may direct a rehearing by the arbitrators.

"(c) Any party filing an application pursuant to subsection (a) of this section concerning an arbitration award issued by the state board of mediation and arbitration shall notify said board and the attorney general, in writing, of such filing within five days of the date of filing."

[4] General Statutes § 52-417 provides: "APPLICATION FOR ORDER CONFIRMING AWARD. At any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, to any judge thereof, for an order confirming the award. The court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419."

[5] The trial court described its judgment as a modification of the arbitration award. The defendant argues that the court did not have the power to modify the award since neither party had filed an application to modify pursuant to General Statutes § 52-419. The defendant has not pursued this procedural claim, however, because it contends that the true effect of the trial court's judgment was to vacate the arbitration award and the plain-

ant appealed to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023.

The parties agree that our recent decision in *East Haven* v. *AFSCME, Council 15, Local 1662,* 212 Conn. 368, 561 A.2d 1388 (1989), is on all fours with this case. In *East Haven,* a grievance was filed by a woman who had been dismissed by the East Haven police department after she had failed to pass the required number of courses for certification during her training at the Connecticut police academy. Id., 369–70. The board of arbitrators found that the grievant's coordinator at the police academy had demonstrated a dislike for her and that her dismissal was based on sexual discrimination. Id., 370. The board ordered that the grievant be allowed to complete her training at the police academy and that she be assigned a different coordinator. Id. The plaintiff town sought to vacate the arbitration award on the ground that the board had exceeded its authority by ordering the police academy, a nonparty to the arbitration proceeding, to take certain action required to enforce its award. Id., 370–71.

We agreed with the plaintiff in *East Haven* that the arbitrators could not render a decision enforceable against a third party who was not a party to the arbitration. Id., 373. We upheld the arbitration award, however, by applying a presumption of validity in our interpretation of the award. "[J]udicial review of an arbitrator's award is limited in scope. The determination of whether an arbitration board has exceeded its authority in violation of § 52-418 (a) (4) is limited to a comparison of the award with the submission." Id., 371.

tiff had filed a motion to vacate the award pursuant to General Statutes § 52-418. In light of our disposition of the principal issue in this case, we do not need to consider this procedural question.

" 'Every reasonable presumption and intendment will be made in favor of the award and of the arbitrator's acts and proceedings. Hence, the burden rests on the party challenging the award to produce evidence sufficient to show that it does not conform to the submission.' *Bic Pen Corporation* v. *Local No. 134,* 183 Conn. 579, 585, 440 A.2d 774 (1981); *Milford Employees Assn.* v. *Milford,* [179 Conn. 678, 683, 427 A.2d 859 (1980)]; *Ramos Iron Works, Inc.* v. *Franklin Construction Co.,* 174 Conn. 583, 590, 392 A.2d 461 (1978). There are two possible interpretations of the award. One, suggested by the plaintiff, is that the award is an order to the academy to reinstate [the grievant] and to have someone other than [her original coordinator] act as her coordinator. This interpretation, however, is contrary to the basic principles of law governing the arbitrators' jurisdiction as stated above. A second interpretation of the award is that it is an order to the town *to make reasonable efforts* to seek the reinstatement of [the grievant] in the academy and to seek to arrange for a different coordinator. This interpretation comports with the submission, collective bargaining agreement and the limits on the arbitrators' jurisdiction. Where there are two reasonably possible interpretations of an arbitrator's award, one upholding and the other invalidating the award, the presumption of the validity of an award requires this court to adopt the one that supports its validity. See *Bic Pen Corporation* v. *Local No. 134,* supra." (Emphasis added.) *East Haven* v. *AFSCME, Council 15, Local 1662,* supra, 373–74.

The defendant in this case argues that the trial court failed to afford the arbitrator's award the presumption of validity required by *East Haven* v. *AFSCME, Council 15, Local 1662,* supra. The defendant does not contend that the arbitrator had the power to order the Waterbury retirement board to enroll the teachers in ques-

tion in the retirement system. The defendant asserts, rather, that a reasonable interpretation of the arbitrator's award is that it requires the plaintiff to send the teachers' names to the retirement board with a statement that "[t]he following teachers should be included in the Waterbury Retirement System."[6] The defendant recognizes that the actions of the retirement board would continue to be governed by § 2762 of the code of the city of Waterbury[7] and that the board would retain its discretionary power over the enrollment of individuals in the Waterbury retirement system, including the discretionary power to deny enrollment.

The plaintiff argues that the award should be vacated even under the defendant's proposed interpretation. The plaintiff contends that if it were to send a list of the teachers' names to the retirement board with a recommendation that these teachers "should be included" in the Waterbury retirement system, such a directive would eliminate any discretion on the part of the retirement board to deny the teachers enrollment.[8]

---

[6] The trial court interpreted the award as requiring merely that the plaintiff notify the defendant that the teachers are currently employed by the plaintiff. The defendant argues that this interpretation is inadequate because it says nothing about whether the teachers are considered "newly employed" under the terms of the collective bargaining agreement for the purpose of determining their eligibility for readmission to the Waterbury retirement system.

[7] "[Waterbury City Code, c. 27, div. 2] SEC. 2762. REINSTATEMENT.

"Any former participant [in the Waterbury Retirement System] who ceased to be a participant by reason of severance of service with the city may, upon again becoming an officer or employee of the city, apply to the retirement board for reinstatement. Said board may reinstate such person only upon his payment into the retirement fund of any amounts previously withdrawn therefrom and upon demonstrating to the satisfaction of the retirement board that he is in reasonably good physical condition as indicated by the results of such medical examination as said board may prescribe."

[8] The plaintiff maintains this position despite its use of a similar procedure in one of the prior cases upon which the arbitrator relied in determin-

In view of the plaintiff's concession that *East Haven* v. *AFSCME, Council 15, Local 1662,* supra, is analogous to this case, we find it difficult to understand its claim that the arbitrator's award should be vacated. If the required presumption of validity is applied to the award, a reasonable interpretation of the award is that the plaintiff be required to make a good faith effort to seek the inclusion of the forty-eight teachers in question in the Waterbury retirement system. In using language expressly referring to the "statutory provisions in effect" as controlling the readmission of members to the retirement system, the arbitration award demonstrates that the arbitrator recognized that the retirement board retained its discretionary authority over enrollment.[9]

We conclude, therefore, that the award in this case can reasonably be construed to require the plaintiff to notify the Waterbury retirement board that the arbitrator determined that the plaintiff had breached the collective bargaining agreement between it and the defendant when it concluded that the forty-eight teach-

ing the meaning of the term "newly employed." In that prior case a grievance had been filed by two teachers who had been employees of the plaintiff prior to March 1, 1970, and who were subsequently rehired by the plaintiff after March 1, 1970. The subject matter of the grievance was whether the teachers should be readmitted to the retirement system. The plaintiff voted to send a letter to the retirement board requesting "that they look favorably upon the requests being made by the grievants." The retirement board subsequently voted to include those teachers in the retirement system.

[9] In concluding that the arbitrator believed that it was within his power to bind the retirement board, the trial court relied upon the language in the arbitrator's award indicating that the plaintiff violated the collective bargaining agreement by "failing to include" the teachers in the retirement system. In light of the arbitrator's reference in the award to the relevant statutory provisions governing the enrollment of individuals in the retirement system, this interpretation of the award fails to give effect to the presumption of validity set forth in *East Haven* v. *AFSCME, Council 15, Local 1662,* 212 Conn. 368, 561 A.2d 1388 (1989).

ers were newly employed for the purpose of determining their eligibility for enrollment in the Waterbury retirement system. The award can also reasonably be interpreted to require that, in conjunction with this communication, the plaintiff send the names of the forty-eight teachers to the retirement board with a recommendation that they hereafter be included in the retirement system. Because the Waterbury retirement board is not bound by the arbitrator's award, however, it retains the discretion granted by the Waterbury city code to deny the teachers enrollment. In addition, the retirement board may insist that the teachers, to be eligible for enrollment, comply with the procedures required for applying for reinstatement in the system under § 2762 of the Waterbury city code.

The judgment is reversed and the case is remanded to the trial court with direction to render judgment confirming the arbitration award.

In this opinion the other justices concurred.

