[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Luis Cunha, ("applicant") has filed this application to correct and/or vacate an arbitration award arising from a labor dispute with the respondent, Premier Roofing. The application recites that pursuant to a written agreement, the parties submitted to arbitration Mr. Cunha's claim that he had been laid off and deprived of contractual rights to be recalled in violation of an applicable collective bargaining agreement.
The application states that the arbitration award should be vacated "on the basis that the Arbirator based his decision on false facts, the award was contrary to law, and the arbitrator exceeded his powers or so imperfectly executed them that a mutual definite award upon the subject matter submitted was not made."
Examination of the arbitration award, entered by an arbitrator of the State Board of Mediation and Arbitration reveals that the issues submitted were as follows:
1) Was the layoff of the grievant Luis Cunha proper under the Collective Bargaining Agreement?
2) If the layoff was proper has the grievant been denied recall CT Page 7166 rights? If so, what shall be the remedy?
The arbitrator, Louis P. Pittocco, concluded that the layoff of the grievant "was proper." As to the claimed denial of recall rights, the arbitrator found that until the date of the arbitration hearing the grievant had failed to supply the Union with information needed to establish that persons with less seniority were working for Premier Roofing.
As the "award" relating to the second issue submitted to him, the arbitrator ruled as follows:
 2. Up until the date of the hearing the grievant was not denied his recall rights. If the Union determines that the grievant should be recalled based upon testimony at the hearing it shall advise the Company to employ the grievant the Monday after receipt of this Award by the parties. There is no award of back pay to the grievant.
Section 52-418(a)(4) C.G.S. provides that upon the application by a party to an arbitration, an arbitrator's award shall be vacated if the court finds that the arbitrator so executed his powers "that a mutual, final and definite award upon the subject matter submitted was not made."
Connecticut courts have long favored arbitration as an alternative method of resolving disputes because it avoids the "formalities, delay, expense and vexation of ordinary litigation." East Haven v. AFSCME, Council 15, Local 1662,212 Conn. 368, 371 (1989); Hartford v. Board of Mediation and Arbitration, 211 Conn. 7, 14 (1989); O G/O'Connell Joint Venture v. Chase Family Partnership, No. 3, 203 Conn. 133, 145
(1987); Waterbury Teachers Association v. Waterbury, 164 Conn. 426,434 (1973).
The Connecticut Supreme Court has stated that every reasonable presumption and intendment is to be made in favor of the award and of the arbitrator's acts and proceedings. Board of Education v. Waterbury Teachers Association, 216 Conn. 612, 618
(1990).
Judicial review of an arbitrator's award is limited in scope. The determination of whether an arbitrator has exceeded his authority in violation of 52-418(a)(4) is limited to a comparison of the award with the submission. Board of Education v. Waterbury Teachers Association, 216 Conn. 612, 617 (1990).
The applicant asserts, in effect, that the award does not CT Page 7167 conform to the submission because it leaves open the possibility that the union will assert that a new employee has been hired instead of honoring his own recall right. Premier Roofing urges that the arbitrator, in the first sentence of paragraph 2 of the award, states clearly that the grievant did not prove that any violation of his recall rights had occurred up to the date of the hearing, and that the remaining language addresses the possibility that after the date of the hearing the union might identify to the employer persons employed in derogation of the applicant's recall rights and demand that his rights be honored prospectively. Where there are two reasonably possible interpretations of an arbitrator's award, one upholding and one invalidating the award, the presumption of the validity of an requires the court to adopt the one that supports its validity. Board of Education v. Waterbury Teachers Association, id.; Bic Pen Corporation v. Local No. 134, 183 Conn. 579, 585
(1981).
The arbitrator's discussion of the claim indicates that while the applicant and the union believed that the defendant had hired new workers in derogation of the applicant's right to be recalled after layoff, they did not submit actual evidence in the form of identification of the persons claimed to have been hired instead of the applicant. It appears that the arbitrator therefore decided the second claim on the basis of the lack of presentation of actual facts to support the applicant's claim. No violation of 52-418(a)(4) C.G.S. has been established.
The application to correct or vacate the arbitration award is therefore denied.
Beverly J. Hodgson Judge of the Superior Court