[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 15, 1992, the State Board of Mediation and Arbitration (Board) sustained a grievance filed by Local 1303-12, Council #4, AFSCME, AFL-CIO (Union) against the Borough of Naugatuck (Borough). In the award, the Board describes the case as a grievance filed by the Union on behalf of Robert Froelich, a sanitation crew leader. The Union claimed that the Borough violated Article 4, Section 13 of the collective bargaining agreement between the Borough and the Union by failing to equalize Froelich's overtime with two other employees in his job classification.[1] The Borough argued that the other two employees received more overtime because Froelich was absent from work with an injury for 57 consecutive days.
On October 15, 1992, the Borough filed an application to vacate the arbitration award on the grounds that the arbitrators exceeded their authority "or so imperfectly executed their powers such that a mutual, final and definite award upon the subject matters considered in arbitration was not made." The applicant also claims that the "award constitutes clear and plain error." The applicant asserts that it received notice of the award on September 17, 1993.
On August 30, 1993, the defendant Union filed a cross-application to confirm the arbitration award. On September 10, 1993, the defendant Union filed a memorandum of law in opposition to the application to vacate and in support of the cross-application to confirm the arbitration award. On September 15, 1993, the applicant filed a memorandum of law.
In order for the court to have subject matter jurisdiction, CT Page 9395 an application to vacate must be filed within thirty days of the time a party receives notice of the award. General Statutes 420(b); Middlesex Ins. Co. v. Castellano, 225 Conn. 339, 344,623 A.2d 55 (1993). Clearly, the applicant in this case meets the thirty day limitation and, as a result, the court has subject matter jurisdiction.
An application to confirm an arbitration award must be filed within one year of the time the parties receive notice of the award. General Statutes 52-417. In the instant case, the defendant filed its cross-application to confirm within that one year period.
Arbitration is a creature of contract. Success Centers, Inc. v. Huntington Learning Centers, Inc., 223 Conn. 761, 772,613 A.2d 1320 (1992). Therefore, the arbitrators' authority to decide the dispute can be limited by explicit language in the agreement. Garrity v. McCaskey, 223 Conn. 1, 5-6, 612 A.2d 742
(1992). "When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission." Id., 4.
The court will review an arbitration award granted on an unrestricted submission if the arbitrators determine the constitutionality of a statute, if the award violates clear public policy, or if the award contravenes the provisions of General Statutes 52-418. Id., 6. An application to vacate shall be granted "if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." General Statutes 52-418(a)(4).
An application to confirm shall be granted "unless the award is vacated . . ." General Statutes 52-417.
The applicant asserts, in its application to vacate, that the arbitrators exceeded their authority and committed plain error by awarding overtime pay to the grievant. In its memorandum of law, the applicant claims that the award violated public policy as the Board "decided that an employee who was not available to perform work is nevertheless entitled to overtime payments." The applicant asserts "that an employee [cannot] expect to receive overtime compensation while at home on injury leave and unavailable to work." CT Page 9396
The Union argues that the court should not review the evidence or legal questions involved, as the award conforms to the submission.
the [The] arbitration award states the issue of the arbitration as "What shall be the disposition of the grievance known as 90-2?" Certainly, this is an unrestricted submission that is not subject to review on the law or the evidence. Garrity v. McCaskey, supra, 4.
the [The] courts favor arbitration and will "undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." Garrity v. McCaskey, supra, 4-5. "`"Every reasonable presumption and intendment will be made in favor of the award and of the arbitrator's acts and proceedings. Hence the burden rests on the party challenging the award to produce evidence sufficient to show that it does not conform to the submission."'" (Citations omitted.) Board of Education v. Waterbury Teachers Assn., 216 Conn. 612, 618,583 A.2d 626 (1990).
The Board states in its award that the majority of the arbitration panel finds that the Borough had more than adequate time to equalize the overtime provision, but deliberately chose not to do so." Thus, the Board considered whether or not the Borough had time, considering the days Froelich was unavailable, to equalize the overtime. The award of overtime is not linked to specific days, and the court finds that the Borough has failed to sustain its burden of proof in support of its claim that the award corresponds to the days on which Froelich was unavailable.
In accordance with the foregoing, the court finds that the award conforms to the submission. Therefore, the court denies the Borough's application to vacate and grants the Union's application to confirm the arbitration award.
WEST, J.