## RAVINDER SINGH *v.* DEPARTMENT OF PUBLIC HEALTH AND ADDICTION SERVICES
### (AC 15598)

O'Connell, Foti and Landau, Js.

Argued January 24—officially released May 6, 1997

*Richard J. Lynch,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Jane D. Comerford,* assistant attorney general, for the appellant (defendant).

*Michael A. Georgetti,* for the appellee (plaintiff).

LANDAU, J. The defendant department of public health and addiction services[1] (department) appeals from the judgment of the trial court, sustaining the plaintiff's appeal from a declaratory ruling issued by the defendant, denying the plaintiff's application for licensure as a veterinarian in this state. On appeal, the department claims that the trial court improperly (1) remanded the case for a hearing on the issue of disparate treatment, and (2) found that the law required a hearing to be held on a petition for declaratory relief. We reverse the judgment of the trial court.

The following facts are not in dispute. In 1985, the plaintiff received a bachelor's degree in veterinary science and animal husbandry from Punjab Agricultural University, located in Punjab, India. In November, 1992, he applied to the department for a license to practice veterinary medicine in Connecticut. The department denied the plaintiff's application for a license because he had not graduated with a degree of doctor of veterinary medicine or its equivalent, as required by General Statutes § 20-198.[2] The department further stated that the plaintiff was not eligible to sit for the licensure examination and, even if he qualified for the waiver of the examination requirement, he would not be eligible for licensure due to his educational deficiency.

In May, 1994, the plaintiff requested a declaratory ruling on his eligibility for licensure. The plaintiff also requested that the commissioner of the department (commissioner) hold a hearing in accordance with General Statutes § 4-176 (e) (2) and (g)[3] to permit the plain-

---

[1] Formerly the department of health services.

[2] General Statutes § 20-198 provides in pertinent part: "No person shall be granted such a license until the department finds that he (1) was graduated with the degree of doctor of veterinary medicine, or its equivalent, from a school of veterinary medicine . . . ."

[3] General Statutes § 4-176 provides in pertinent part: "(e) Within sixty days after the receipt of a petition for a declaratory ruling, an agency in

tiff to present evidence on the issue of disparate treatment of identical applicants.[4] The commissioner declined to hold a hearing and issued a declaratory ruling on October 15, 1994. The commissioner ruled that the degree the plaintiff received from Punjab Agricultural University did not satisfy the requirement in General Statutes § 20-198 that an applicant possess a doctor of veterinary medicine awarded by an accredited United States university or its equivalent. The commissioner found the plaintiff's degree to be the equivalent of a bachelor's degree, not a doctorate. Therefore, the commissioner concluded, the plaintiff was not eligible for licensure in Connecticut. The commissioner did not address the issue of disparate treatment in its memorandum of decision.

On appeal to the trial court, the plaintiff argued that the commissioner improperly (1) found that he failed to satisfy the requirements of § 20-198, and (2) abused

---

writing shall . . . (2) order the matter set for specified proceedings . . . .

"(g) If the agency conducts a hearing in a proceeding for a declaratory ruling, the provisions of subsection (b) of section 4-177c, section 4-178 and section 4-179 shall apply to the hearing. . . ."

[1] In its memorandum of decision, the trial court noted that "evidence in the record showed [that the plaintiff] held licenses to practice veterinary medicine in Michigan, Illinois and Massachusetts. There were also allegations in the record before the commissioner that one or more other persons who had attended the same university as the plaintiff, and had been awarded the same degree, had been licensed by the commissioner to practice in this state. Although there was no hard evidence of such disparate treatment on the record, the allegations are not entirely unsupported. Communications from the commissioner's office that are in the record acknowledge, at least implicitly, that the allegations may be true."

In response to the plaintiff's claim of disparate treatment, the department responded that "[w]ith regard to the individuals who attended the same school as [the plaintiff], and received Connecticut licensure, please be advised that the department is in the process of reviewing their files. Should it be determined that the education they received was equivalent to that of [the plaintiff], and they received licensure in error, the department will explore the legal implications of licensure revocation. The department cannot issue licensure to any individual who is not eligible based upon the erroneous issuance of licensure to any other individual."

its discretion by denying his request for a hearing. The trial court sustained the plaintiff's appeal and remanded the case to the commissioner to conduct a hearing. This appeal followed.

I

Our standards of review concerning administrative appeals are statutorily mandated: " '[T]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.' General Statutes § 4-183 (j)." *Slimp* v. *Dept. of Liquor Control*, 239 Conn. 599, 604, 687 A.2d 123 (1996).

With these principles in mind, we now consider whether the trial court properly remanded this case to the department to conduct a hearing. The trial court, relying on *Karan* v. *Adams*, 807 F. Sup. 900 (D. Conn. 1992), concluded that due process considerations required the department to hold a hearing, and its failure to do so resulted in an abuse of discretion. The trial court sustained the plaintiff's appeal and remanded the case to the commissioner for the purpose of holding a hearing limited to the issue of whether the commissioner failed to afford the plaintiff due process and equal treatment in considering the plaintiff's application for a veterinary license, with particular reference to

other graduates of the same education program that the plaintiff completed.

In *Karan* v. *Adams*, supra, 807 F. Sup. 902, the plaintiff, Orville Karan, after being rejected for licensure as a psychologist in this state, filed a suit in the United States District Court for the District of Connecticut claiming equal protection and due process violations. Karan received his doctoral degree in 1974 from the University of Wisconsin and, subsequently, received his license to practice psychology in that state. In 1989, Karan applied to the Connecticut department of health services for licensure. The department requested that Karan provide documentation of the doctoral program from the academic institution where he completed his studies. Karan encountered "considerable difficulty" in obtaining the documentation to satisfy the Connecticut educational standards. Karan submitted the documents that he was able to obtain, but the department denied his application on the ground that the doctoral program of studies did not meet the necessary standards. Id., 902–904.

In his only claim relevant to this case, Karan claimed that the department violated the procedural component of the due process clause of the fourteenth amendment to the United States constitution. Id., 907. After concluding that Karan had a constitutional property interest in sitting for the licensure examination, the District Court considered whether the process actually provided by the department was constitutionally sufficient. The court concluded, inter alia, that the "procedures provided no significant opportunity for the candidate to supplement the written record with oral testimony regarding the content of his educational program." Id., 913. The court's order provided Karan with the opportunity to appear personally before the Connecticut board of examiners of psychologists (board). Id., 915. It further stated that "[i]t must be emphasized that the rem-

edy prescribed here is a limited one. First, the hearing conducted by the board can be, but need not be, a formal trial-type hearing with opportunity for cross-examination of witnesses. The hearing procedures presented by the Connecticut Administrative Procedure Act . . . may provide useful guideposts for this proceeding, but they are not adopted by this ruling as requirements. . . ."[5] (Citation omitted.) Id., 915.

Thus, *Karan* turns on the inability and difficulty of Karan to obtain records of courses taken by him, sufficient to satisfy the requirements of the department and, thus, is distinguishable from the present case.[6] Here, the issue is not whether the plaintiff took certain courses at Punjab Agricultural University, and the plaintiff does not claim that the department prevented him from proving that he satisfies the educational standards. Moreover, he had the opportunity to request a new evaluation report from the International Education Research Foundation if he felt that it was not an accurate reflection of his education. In sum, the plaintiff had the opportunity to supplement his application with additional information in an attempt to satisfy the educational requirements, but failed to do so. As a result, we con-

---

[5] The District Court further noted that "this decision does not require that the procedures found necessary in this case be used in all cases involving the evaluation of candidates' educational credentials. The state's obligation to provide the additional procedures required in the circumstances here presented extends to pre-1980 graduates. . . . Candidates who received degrees from unaccredited institutions during or after 1980 . . . would not necessarily be entitled to the same procedural protections that pre-1980 degree recipients deserve. The class of post-1980 degree recipients encompasses many recent degree recipients, who would presumably face relatively few obstacles in demonstrating the content of their educational programs." (Citations omitted.) *Karan* v. *Adams*, supra, 807 F. Sup. 915.

[6] Even if we found *Karan* to be applicable, its holding requires merely that an applicant be given a reasonable opportunity to demonstrate that he or she satisfies the requirements the state has imposed. The department gave the plaintiff every opportunity to demonstrate that he met the requirements for licensure. Therefore, the department has complied with *Karan*.

clude that the department acted within its discretion in denying the plaintiff's request for a hearing.[7]

The judgment is reversed and the case is remanded with direction to render judgment denying the plaintiff's appeal.

In this opinion the other judges concurred.

---

[7] The defendant also claims that the trial court improperly concluded that an agency is required to conduct a hearing on a petition for a declaratory ruling. This claim is unsupported by the record. In its memorandum of decision, the trial court specifically stated that "the administrative agency has the discretion, but is not required, to hold a hearing in conjunction with the issuance of a declaratory ruling." The trial court acknowledged that a hearing on a declaratory ruling is discretionary, but concluded that the department's failure to conduct a hearing, in this case, violated the plaintiff's due process rights. Thus, the defendant's claim lacks merit.