[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
I. Background
This case dates all the way back to 1988 when the Waterbury Teachers Association filed a grievance against the Waterbury Board of Education ("the Board") on behalf of forty-eight teachers[1] who were employed prior to March 1, 1970, who left the school system prior to that date and then were rehired on later dates. Their grievance arose from the fact that upon their return to the school system after March 1, 1970, these former teachers were not permitted to participate in the Waterbury Retirement System ("the retirement plan"). It had been decided under the collective bargaining agreement that any "newly hired" teacher after March 1, 1970, would not be eligible to participate in the retirement plan. The issue then arose as to whether those teachers who had taught prior to March 1, 1970, and who had left their employment because of maternity leave or to raise a family and then returned after March 1, 1970, should be considered "newly hired" and thus be excluded from the retirement plan.[2]
Prior to the aforementioned grievance, three of the teachers who had all been hired before March 1, 1970, and then left and were rehired, applied to be included in the retirement plan and were permitted reinstatement; specifically, on March 12, 1982, Georgia Blake and Elizabeth Goggins were permitted to return and on May 13, 1982, Joan Odoardo was reinstated.
The grievance was heard before Joseph Glasser, an arbitrator, who held that "newly hired" did not apply to any teacher who taught prior to March 1, 1970, and who thereafter left and was rehired. The arbitrator's decision was based on precedent established when Blake, Goggins and Odoardo were granted reinstatement to the retirement plan in 1982. This arbitration decision was appealed by the Board to the Connecticut Supreme Court, which held in December, 1990, that the Board had breached the collective bargaining agreement and ordered the Board to send the names of the forty-eight teachers to the Waterbury Retirement Board ("retirement board") with a recommendation that they be included in the retirement plan, at the same time recognizing the retirement board's discretion to do so. Board of Education v. Waterbury Teachers Assn., 216 Conn. 612, 621,583 A.2d 626 (1990). Specifically, the court wrote that "[b]ecause the Waterbury retirement board is not bound by the arbitrator's award . . . it retains the discretion granted by the Waterbury city code to deny the teachers enrollment." Id.
On April 30, 1993, the retirement board again considered the CT Page 8129 teachers' request and again denied their request to participate in the retirement plan. This decision was appealed to the Superior Court of Waterbury, and on June 6, 1994, Judge William Murray remanded the case to the retirement board for a de novo hearing, suggesting in his order of remand that the retirement board render its decision in writing, with citation to legal authority supporting its decision. The retirement board did meet on six separate occasions after the order of remand and on December 9, 1996, announced a resolution setting forth its conditions for permissible reinstatement in the retirement plan.[3] At that meeting, Commissioner Bozzuto made this statement explaining its decision:
We spent considerable amount of time discussing these issues and I think one of the strong considerations that the board came to was that, we seriously took into consideration the history of the case, the history of the applicants, the charter and code provisions. One of the concerns that this Board has and I think the reason for the period of time limitations that we put on it is that we were concerned with people who sat on their opportunities and did not act on them. We felt that a cut-off period of time needed to be made and the 6 years was determined based upon what is often considered the most generous statute of limitations, which is the contract statute of limitations.
(RECORD, Minutes of December 9, 1996 Meeting, p. 4).
Under the limitations imposed by the retirement board, nineteen teachers of the forty-eight who brought this action qualified for reinstatement in the retirement plan and twenty-nine teachers were excluded. All of those nineteen teachers who have qualified have written to the retirement board accepting its decision and electing to participate. (RECORD, February 19, 1997, Minutes of the City of Waterbury Retirement Board). The remaining twenty-nine teachers have brought the instant action, claiming that the decision of the retirement board was improper, arbitrary, capricious and an abuse of discretion.
II. Discussion
This Court must review the December 9, 1996, decision of the retirement board to determine whether the board acted unreasonably, arbitrarily or illegally. The Connecticut Supreme Court acknowledged in its decision, Board of Education v.Waterbury Teachers Assn., supra, 216 Conn. 621, that the CT Page 8130 retirement board was not bound by the arbitrator's decision and it retained the discretion to deny the teachers enrollment in the retirement plan. The question now is whether the retirement board acted arbitrarily or capriciously when it reinstated some of the forty-eight teachers to the retirement plan, but denied readmission to others.
In reviewing the decision of the retirement board, this Court cannot substitute its own judgement. The Court's scope of review is very limited. Joyell v. Commissioner of Education,45 Conn. App. 476, 478, 196 A.2d 1039 (1997).
The Court's consideration of the retirement board's action must start with premise that the teacher-members of the bargaining unit agreed that any teacher hired after March 1, 1970, would not be eligible to participate in the retirement plan, because those teachers became eligible for the State of Connecticut's pension plan. Thus, the retirement board had absolutely no obligation to permit teachers rehired after that date to participate in the retirement plan. On the other hand, it possessed the right in its discretion to permit teachers rehired after the critical March date to participate in the retirement plan.
In exercising this discretion, the retirement board permitted three teachers, namely, Blake, Goggins and then Odoardo, to be reinstated in the plan after they were rehired following children related absence from teaching. It is not necessary to consider whether the retirement board in those three cases was moved to exercise its discretion because of the lack of or inadequate maternity leave policies existing prior to March 1, 1970. Until it is alleged otherwise, the Court must accept that the retirement board simply exercised its discretion in favor of these three teachers, by allowing them to participate in the retirement plan. Neither party has attributed any improper motive to this exercise of discretion; at least there is none expressed or implied in the record or argued to the Court. Rather, it appears to the Court that the retirement board was acting impartially and as a sort of benevolent parent when it authorized reinstatement of these three teachers in a retirement plan, in addition to their enrollment in the pension plan in place after March, 1970.
In retrospect, this gesture of generosity turned sour when six years after the retirement board approved the Odoardo request CT Page 8131 on May 13, 1982, sixty-two teachers (later reduced to forty-eight), applied for the same treatment. In the arbitration that followed, the arbitrator considered the action of the retirement board with regard to the Blake, Goggins and Odoardo decisions as some kind of precedent to permit those similarly situated teachers to acquire a right to reinstatement in the retirement plan. However, the retirement board was not a party to the arbitration proceeding, so it was not bound by the arbitrator's decision. The Connecticut Supreme Court recognized this procedural problem and could do nothing more than remand this case to permit the retirement board an opportunity to reconsider its decision, emphasizing the fact that the retirement board retained the power to deny the teachers enrollment. Board of Education v. Waterbury TeachersAssn., supra, 216 Conn. 621.
The retirement board did reconsider its decision and after six sessions decided that it would permit those teachers hired before March 1, 1970, and who returned after that date to be eligible for the retirement plan, provided that they had notified the City of Waterbury within six years of their return of their desire to be reinstated, or no later than six years after May 13, 1982, being the date on which the retirement board approved Odoardo's reinstatement. The reasoning of the retirement board as expressed by Commissioner Bozzuto (quoted above in "Background") was that it felt it should impose a limitation period on these reinstatement requests, and so the retirement board chose the six-year statute of limitation applicable in contract situations. This is the limitation period that the retirement board felt was fair, and in light of the fact that these teachers had no right to enroll in the retirement plan in the first place, this Court does not find this limitation period improper or unreasonable. Moreover, the nineteen teachers who subsequently were permitted reinstatement did not feel the decision of the retirement board was arbitrary or capricious, since they notified the retirement board of their intention to apply for reinstatement and did not join in this appeal.
III. Conclusion
Accordingly, the Court does not find that the decision of the retirement board was arbitrary or capricious and therefore cannot legally overturn its decision. Bancroft v. Commissioner of MotorVehicles, 48 Conn. App. 391, 398 (1998); Singh v. Dept. of PublicHealth Addiction Services, 45 Conn. App. 83, 86, 694 A.2d 806
(1997). This appeal is dismissed. CT Page 8132
Pellegrino, J.