[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE APPLICATION TO VACATE ARBITRATIONAWARD
The plaintiff, International Association of Firefighters Local 998, AFL-CIO, is an employee organization that represents and acts as a bargaining agent for the firefighters of the Stratford Fire Department. The plaintiff brings this application to vacate an arbitration award rendered in favor of the defendant, the Town of Stratford.
 Facts
The plaintiff and defendant are signatories to a collective bargaining agreement, which provides the grievance procedure for resolving disputes arising between the plaintiff and defendant. On November 11, 1999, the plaintiff filed a grievance against the defendant alleging that the defendant breached the collective bargaining agreement when it pro-rated the uniform and linen allowance (uniform allowance) for three individuals who resigned from the fire department. The grievance was denied in the initial phases of the grievance procedure, but was submitted to the State Board of Medication and Arbitration (board), pursuant to the collective bargaining agreement.
On January 4, 2001, the board conducted its hearing, and after the parties could not agree on the issue for submission, the board submitted the following issue for resolution: "What disposition shall be made of grievance No. 99-10 which is also identified as State Board of Mediation and Arbitration Case No. 9900-A-913?" The parties filed briefs, and on May 2, 2001, the Board denied the plaintiffs' grievance.
The plaintiffs filed an application to vacate the arbitration award and supporting memoranda in response to the board's decision. The plaintiffs contend that the arbitrators exceeded their power under General Statute § 418(a) (4). The defendant submitted a memoranda in opposition to the application to vacate the arbitration award arguing that the arbitrators did not exceed their authority because the award answers the CT Page 15341-d submission and draws its essence from the collective bargaining agreement.
 Standard
"[W]e undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." (Internal quotation marks omitted.)State v. AFSCME, Council 4. Local 387, AFL-CIO, 252 Conn. 467, 474,747 A.2d 480 (2000). "This court has declared on numerous occasions that arbitration is a creature of contract, whereby the parties themselves, by agreement, define the powers of the arbitrators . . . Moreover, we have stated that when the parties have established the authority of the arbitrator, the extent of our judicial review of the award is delineated by the scope of the parties' agreement . . . When the parties have not restricted the scope of the arbitrator's authority, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission." (Citations omitted; internal quotation marks omitted.) Schoonmaker v. Cummings Lockwood of Connecticut,P.C., 252 Conn. 416, 426-27, 747 A.2d 1017 (2000). "The authority of an arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review. In the absence of any such qualifications, an agreement is unrestricted." (Internal quotation marks omitted.) Industrial Risk Insurers v. HartfordSteam Boiler Inspection Ins., 258 Conn. 101, 109, 779 A.2d 737
(2001). "Every reasonable presumption and intendment will be made in favor of the award and of the arbitrator's acts and proceedings. Hence, the burden rests on the party challenging the award to produce evidence sufficient to show that it does not conform to the submission." (Internal quotation marks omitted.) Board of Education v. Waterbury TeachersAssn., 216 Conn. 612, 618, 583 A.2d 626 (1990).
 Discussion
In this case, the parties did not limit the scope of the arbitrators' authority. The collective bargaining agreement broadly provides that the board "shall hear and act on such dispute in accordance with its rules, and render a decision which shall be final and binding on all parties." (Plaintiff's Summons, Exhibit #A.) The collective bargaining agreement does not reserve any express rights. Instead, the parties bargained for, and agreed that the board would have exclusive authority for resolving disputes. Furthermore, the submission made to the board was broadly framed: "What disposition shall be made of grievance No. 99-10 which is also identified as State Board of Mediation and Arbitration Case No. CT Page 15341-e 9900-A-913?" (Award, p. 1.) Although unable to agree on the language themselves, the parties submitted to an unqualified submission of the issue. The parties neither requested that the board frame the issue in a manner to include conditional or restricting language, or objected to the submission framed by the board. In this case, therefore, the submission was unrestricted. Accordingly, the board was unrestricted in resolving the issue of whether the defendant was entitled to a pro-rated reimbursement of the uniform allowance if a firefighter resigns prior to calendar end.
"Even in the case of an unrestricted submission, we have, however, recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute; . . . (2) the award violates clear public policy; . . . or (3) the award contravenes one or more of the statutory proscriptions of § 52-418." (Citations omitted; internal quotation marks omitted.) Stratford v. International Assn. ofFirefighters, AFL-CIO, Local 998, 248 Conn. 108, 116, 728 A.2d 1063
(1999). "Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides, . . . shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." General Statute § 52-418. "In our construction of § 52-418 (a) (4), we have, as a general matter, looked to a comparison of the award with the submission to determine whether the arbitrators have exceeded their powers . . . We have also recognized, however, that an arbitrator's egregious misperformance of duty may warrant rejection of the resulting award . . . If the memorandum of an arbitrator revealed that he had reached his decision by consulting a ouija board, surely it should not suffice that the award conformed to the submission . . . [A] court should vacate an award if the memorandum patently discloses an infidelity to the obligation imposed upon the arbitrators." (Citations omitted; internal quotation marks omitted.) Garrity v. McCaskey, 223 Conn. 1, 7-8,612 A.2d 742 (1992). An arbitrator may "look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement." (Internal quotation marks omitted.) Board of Education v. AFSCME, 195 Conn. 266, 273, 487 A.2d 553
(1985). "Where the submission does not otherwise state, the arbitrators CT Page 15341-f are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous."Stratford v. International Assn. of Firefighters, AFL-CIO, Local 998,248 Conn. 108, 115, 728 A.2d 1063 (1999).
Here, the plaintiff contends that the board exceeded its authority in resolving the dispute because it ignored the clear and unambiguous language of the contract provision providing for the uniform allowance. In determining whether the board exceeded its authority, the court is limited to reviewing whether the award conforms to the parties' submission. In making such a determination, the court may review the board's memorandum of decision, but may not review any other evidence.Garrity v. McCaskey, supra, 223 Conn. 7-8. Furthermore, the court may not review the factual and legal determinations made by the board, even if the court disagrees with the board's interpretation. Stratford v.International Assn. of Firefighters, AFL-CIO, Local 998, supra,248 Conn. 115. In interpreting the uniform allowance provision, the board considered other provisions of the collective bargaining agreement, specifically, the savings clause, and the provisions providing for vacation and sick leave. The plaintiff argues that the board exceeded its authority by relying on these provisions. The plaintiff's contention is erroneous for two reasons. First, the board was not restricted from considering other provisions of the collective bargaining agreement because the submission did not demand that the board view the uniform allowance provision exclusively. Second, in interpreting an ambiguous contractual provision, it is customary for the decision maker to view "the contract . . . in its entirety, with each provision read in light of the other provisions . . ." (citation omitted.) United Illuminating Co.v. Wisvest-Connecticut, LLC, 259 Conn. 665, 671, 791 A.2d 546 (2002).
The plaintiff also contends that the board exceeded its authority by relying on a decision from the State Board of Labor Relations that was inaccurate and incomplete. The defendant responds by arguing that the board did not exceed its authority because they did not rely on the decision, but merely agreed with its rationale. Here, the submission did not restrict the board's use of outside sources, and therefore, the board was permitted to use such additional resources, so long as the award conformed to the collective bargaining agreement. See Board of Educationv. AFSCME, supra, 195 Conn. 273. In any event, the board in this case did not base its award on the State Board of Labor Relations' decision, but rather relied on the collective bargaining agreement by interpreting the uniform allowance provision in light of the savings clause, vacation and sick leave provisions. The board submitted an award that drew its essence from the collective bargaining agreement. Id. Accordingly, the board did CT Page 15341-g not exceed its authority.
The plaintiff also contends that the board improperly considered the past practice of the defendant in rendering its decision. The defendant responds by citing the "Savings Clause" of the collective bargaining agreement, which states that: "[t]he Town [defendant] shall retain all rights it had prior to the signing of this contract, except as such rights are specifically relinquished or abridged by this contract." (Defendant's memorandum in opposition to the application to vacate the arbitration award.) The defendant maintains, therefore, that the past practice of the defendant was relevant in determining the meaning of the uniform allowance provision. The defendant further argues that they have exacted pro-rated reimbursement of the uniform allowance from firefighters who resigned or were discharged, and that this practice predates the term of the collective bargaining agreement at issue. Here, the board did not exceed its authority by considering the defendant's past practice because it relied on the terms of collective bargaining agreement in reaching its decision. See Garrity v. McCaskey, supra,223 Conn. 7-8.
Here, the arbitrator's award drew its essence from the collective bargaining agreement. Moreover, the plaintiff has not sustained its burden of proving that the board exceeded its authority in rendering the award. For these reasons the plaintiff's application is denied
WOLVEN, JUDGE CT Page 15341-h